FILED

09/01/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0400

DA 19-0400

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 219N

STATE OF MONTANA,

   Plaintiff and Appellee,

  v.

KRISTIN VINECKE,

   Defendant and Appellant.

APPEAL FROM: District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DC-18-288
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

   Kelly Driscoll, Montana Legal Justice, PLLC, Missoula, Montana

   For Appellee:

   Timothy C. Fox, Montana Attorney General, Rob Cameron, Deputy
Attorney General, Helena, Montana

   Eileen Joyce, Butte-Silver Bow County Attorney, Kelli Fivey, Deputy
County Attorney, Butte, Montana

      Submitted on Briefs: July 1, 2020

        Decided: September 1, 2020

Filed:

         _____
              Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kristin Vinecke (Vinecke) appeals a Judgment, dated May 13, 2019, from the Second Judicial District Court, Silver Bow County, ordering Vinecke to pay the costs associated with her court-ordered mental health evaluation. We affirm.

¶3 In November 2018, Vinecke was charged with two misdemeanor and four felony counts for violations of Montana's Privacy in Communications statute, § 45-8-213, MCA, based on communications which included profane language, threats, and numerous texts. A bench warrant was later issued for Vinecke's arrest in response to a violation of the terms of her release on bond. In January 2019, the District Court held a hearing regarding Vinecke's bond revocation. At the outset of the hearing, the District Court ordered a psychological evaluation of Vinecke to be completed by a court-appointed psychologist. The State, in an Amended Information, added a fifth felony charge in April 2019. In May 2019, Vinecke entered a plea agreement in which she plead guilty to the two misdemeanor counts, while the State dismissed the remaining five felony counts. In addition to the requirement to pay costs associated with

2

the mental health evaluation, the District Court ordered Vinecke to establish a monthly payment amount, which was to be paid to the court-appointed psychologist until paid in full. The payments were to be made to the Butte-Silver Bow County Attorney's Office.

¶4 Vinecke appeals the District Court's imposition of costs accrued as a result of the mental health evaluation, alleging two errors in the District Court's Judgment. Vinecke first argues that the District Court erred when it ordered her to pay the costs associated with her court-ordered mental health evaluation, because she asserts § 46-14-202, MCA, provides that the court is required to pay for the mental health exam. Vinecke's second argument asserts that the District Court erred by failing to inquire into her ability to pay for the costs of the evaluation.

¶5 A district court's review of a criminal sentence is confined to review for its legality, determining whether the sentencing court had statutory authority to impose the sentence, whether the sentence is within statutory parameters, and whether the court adhered to the affirmative mandates of the applicable sentencing statutes. *State v. Hinshaw*, 2018 MT 49, ¶ 7, 390 Mont. 372, 414 P.3d 271; *State v. Rosling*, 2008 MT 62, ¶ 59, 342 Mont. 1, 180 P.3d 1102.

¶6 On appeal, Vinecke asserts that the District Court should have followed § 46-14-202(4)(a)(i), MCA, which she contends provides the proper basis for allocation of costs incurred as a result of her court-ordered mental health evaluation: "the cost of the examination and other associated expenses must be paid by the court or, in district court proceedings, by the office of the court administrator . . . ." However, our review of the

statute reveals that Vinecke omits the opening clause of this subsection. When read in full, the statute states: "if the issue of the defendant's *fitness to proceed was raised by the court* or the examination was requested by the prosecution, the cost of the examination and other associated expenses must be paid by the court or, in district court proceedings, by the office of the court administrator . . . ." Section 46-14-202(4)(a)(i), MCA (emphasis added).

¶7 The record indicates that Vinecke's "fitness to proceed" was not raised by the District Court and that the evaluation was not regarding her competency to stand trial or her fitness to proceed. Rather, the purpose for obtaining the mental health evaluation was to enable the District Court to determine whether releasing Vinecke on bail would be proper given her previous violations. Additionally, subsection (4) of § 46-14-202, MCA, only pertains to circumstances in which the court orders the defendant "to be committed to a hospital or other suitable facility for the purpose of the examination." Section 46-14-202(2), MCA; *see also* § 46-14-202(4)(a) ("The costs incurred for an examination ordered under subsection (2) must be paid as follows . . . ."). The record shows that Vinecke was in custody when the court ordered the evaluation; however, she was not committed to a hospital or similar facility. For these reasons, § 46-14-202(4)(a)(i), MCA, is inapplicable and this Court cannot find a basis for demanding the District Court to pay the costs of Vinecke's mental health evaluation.

¶8 Vinecke's second argument asserts that the District Court erred when it imposed the costs of the mental health evaluation on her without having made a distinct inquiry

4

into her ability to pay for the evaluation. A judge's discretion when imposing a sentence is broad and the district court's review is correspondingly deferential. *State v. Zimmerman*, 2010 MT 44, ¶¶ 16-17, 355 Mont. 286, 228 P.3d 1109.

¶9 After reviewing the record, we conclude the District Court had discretion in requiring Vinecke to pay the costs of her mental health evaluation. This Court recognizes §§ 46-18-201(4)(p) and 46-18-202(1)(g), MCA, as authority for a sentencing court to require a defendant to pay the costs incurred as a result of a court-ordered mental evaluation. *State v. Bullplume*, 2013 MT 169, ¶¶ 15-21, 370 Mont. 453, 305 P.3d 753. Section 46-18-201(4)(p), MCA, allows a sentencing court to impose "any other reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society." Further, § 46-18-202(1)(g), MCA, permits a sentencing judge to impose "any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society."

¶10 Vinecke was advised that she "will pay all fines, fees and restitution ordered by the sentencing court," to which neither Vinecke nor her attorney objected. The District Court specifically informed Vinecke that it may impose further requirements in addition to those in the plea agreement, including the costs incurred from the mental health evaluation, to which Vinecke and her attorney affirmatively agreed. Vinecke also indicated her appreciation of the court's order for the mental health evaluation as she had been trying to figure out what was wrong. Although Vinecke's counsel subsequently filed a motion to strike the portion of the Judgment requiring

Vinecke to pay for the mental health evaluation, Vinecke repeatedly indicated her understanding of, and acquiescence to, all the conditions imposed by the District Court, including the cost of the evaluation. This Court has held that acquiescence constitutes a waiver of the right to assert error regarding this factor on appeal. *State v. Martin*, 2004 MT 288, ¶ 16, 323 Mont. 320, 100 P.3d 146. Vinecke's clear acquiescence and failure to timely object results in a waiver of any such objections.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Affirmed.


/S/ LAURIE McKINNON


We Concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE