

DA 10-0083

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 23

STATE OF MONTANA,

Plaintiff and Appellee,

v.

GARY ARNOLD SAVAGE,

Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 1988-8220
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Joslyn Hunt, Chief Appellate Defender; Eileen A. Larkin, Assistant Appellate
Defender, Helena, Montana

For Appellee:

Steve Bullock, Montana Attorney General; Tammy K. Plubell, Assistant
Attorney General, Helena, Montana

Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  January 20, 2011

Decided:  February 15, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     The Fourth Judicial District Court, Missoula County, revoked Gary Arnold Savage's suspended sentence. While Savage does not appeal the revocation of his suspended sentence, he appeals from certain conditions that were previously imposed on his suspended sentence and the procedure utilized in imposing those conditions. He also argues he received ineffective assistance of counsel when his attorney failed to file objections to the new probation conditions imposed.

¶2     Savage raises the following issues on appeal:

¶3     Issue 1: Did the District Court err by prospectively delegating its sentencing authority to the executive branch of government?

¶4     Issue 2: Does the Department of Corrections (DOC) sentencing modification procedure, through its use of a condition modification form, violate a probationer's rights to due process and assistance of counsel?

¶5     Issue 3: Are conditions prohibiting contact with vulnerable populations and from accessing human nudity unconstitutionally vague and overbroad?

¶6     Issue 4: Did Savage receive ineffective assistance of counsel?

¶7     Excluding Savage's ineffective assistance of counsel claim, we conclude the other arguments he raises on appeal are not justiciable. Accordingly, this Opinion is limited to the justiciability of Issues 1 through 3 and Savage's ineffective assistance of counsel claim. We affirm.

**BACKGROUND**

¶8     In 1988, Savage pled guilty to three counts of sexual intercourse without consent and was sentenced to forty years on each count, with all counts running concurrently. The District Court suspended ten years on each count, subject to certain terms and conditions.[1]

¶9     Savage was discharged from the Montana State Prison (MSP) on April 27, 2005. Prior to his discharge, a probation officer visited Savage and presented him with a DOC form that recommended Savage's conditions of supervision be modified,[2] pursuant to § 46-23-1011, MCA. The form contained an "offender notification" that allowed Savage to select between a box indicating he agreed with the modifications or a box indicating he disagreed with the modifications and requested a hearing. Savage indicated his agreement. When Savage was discharged, he signed a condition of probation form that contained essentially the same conditions as agreed upon in the DOC condition modification form.

¶10    In September 2005, the State moved the District Court to amend Savage's judgment to add the conditions contained in the DOC condition modification form. Savage objected, and the State withdrew its motion. Savage remained on probation, subject to the conditions enumerated in the original judgment.

¶11    The State filed a petition to revoke Savage's suspended sentence in September 2006, based upon Savage's misdemeanor traffic violations, admission of cocaine use, and failure to

[1] The conditions included obey federal/state laws; remain under the court's jurisdiction; submit to searches and polygraph examinations; obtain therapy; no victim contact; and, pay court-appointed attorney's fees and surcharges.

[2] The proposed modifications required Savage to register as a sex offender; refrain from possessing or consuming intoxicants, associating with other probationers and/or inmates, contacting children under the age of eighteen, entering casinos, and using or possessing pornography; submit to alcohol and/or drug testing, supervision and ISP, and DNA testing; and, attend sex offender counseling.

maintain employment. Savage's suspended sentence was revoked, and the District Court sentenced Savage to ten years imprisonment, all re-suspended, subject to the conditions imposed in the original judgment,[3] plus the conditions Savage agreed to in the DOC condition modification form. The court imposed the additional condition that Savage refrain from contacting youths or disabled persons outside of his immediate family without first obtaining permission. At Savage's request, the court stayed his sentence and set a briefing schedule to allow him time to file objections to the new conditions imposed. Savage never filed a brief or requested a continuance to file one.

¶12    In January 2007, the State filed a supplemental petition to revoke Savage's sentence, alleging he was having unsupervised contact with his daughter and other minors. The District Court revoked Savage's three concurrent ten-year suspended sentences and sentenced Savage to ten years on each count, with five years suspended on each count. The court imposed all previous conditions.

¶13    Savage was discharged from MSP in April 2009 and began serving the suspended portion of his sentence. After his discharge, a probation officer approached Savage and presented him with a DOC condition modification form that included the conditions that Savage avoid contact with minors and vulnerable populations, including the developmentally disabled and elderly, unless accompanied by an approved, responsible adult and that Savage avoid places where children congregate, refrain from accessing material that describes or depicts human nudity, and refrain from contacting the victims or their immediate family

---

[3] The polygraph test requirement was excluded.

members.  Savage consented to these conditions.  The State petitioned the District Court to add the above conditions to Savage's sentence, indicating that because Savage did not object to the conditions, there was no need for a hearing.  The District Court added the conditions.

¶14    In November 2009, the State filed a petition to revoke Savage's suspended sentence, alleging that he had contact with his elderly aunt and his niece (members of a vulnerable population) and had viewed pornography on his computer (which he admitted).  At a hearing on the matter, Savage's counsel asked for a continuance because Savage believed some of the amended conditions might be illegal.  The court proceeded with the hearing and revoked Savage's suspended sentence.  He was sentenced to five years on each count, all counts running concurrently.

¶15    Savage appeals, but does not challenge the revocation of his suspended sentence.

**DISCUSSION**

¶16    Although he does not challenge the revocation of his suspended sentence, Savage raises in Issues 1 through 3 several collateral constitutional claims challenging the procedures used to modify the conditions of his suspended sentence and the specific conditions imposed. Savage argues that the District Court prospectively delegated its sentencing authority to a probation officer (via the DOC condition modification form), thus violating his rights to due process and counsel during a critical stage of the proceedings. Additionally, he asserts that the no contact with vulnerable populations and no access to human nudity conditions most recently imposed by the District Court are unconstitutionally vague and overbroad.

5

¶17 We decline to review the above claims because no justiciable controversy exists. This Court has previously noted that the existence of a justiciable controversy is a threshold requirement to a court's adjudication of a dispute. *Clark v. Roosevelt Co.*, 2007 MT 44, ¶ 11, 336 Mont. 118, 154 P.3d 48. "A justiciable controversy is one upon which a court's judgment will effectively operate, as distinguished from a dispute invoking a purely political, administrative, philosophical or academic conclusion." *Id.* A matter is moot where judgment will not operate to grant relief, and, absent relief, "a decision on the merits of the issue raised would be merely advisory." *Id.* We will not submit advisory opinions. *Id.*

¶18 Savage admitted that he viewed pornography and does not challenge the revocation of his suspended sentence on that basis. Because we cannot grant him relief, any opinion on the merits would be merely an advisory one. We do not render advisory opinions and, therefore, decline to address Issues 1 through 3.

¶19 Issue 4: *Did Savage receive ineffective assistance of counsel?*

¶20 Ineffective assistance of counsel claims raise mixed questions of law and fact that we review de novo. *State v. Gunderson*, 2010 MT 166, ¶ 66, 357 Mont. 142, 237 P.3d 74.

¶21 Savage argues that his counsel did not effectively represent him in 2006 when he failed to file a brief objecting to the additional and modified conditions that were imposed on Savage's suspended sentence. Savage asserts that there can be no justification for counsel's failure to ignore the court's briefing schedule. The State urges us to decline to review Savage's claim on the basis that it is undeveloped. *See* M. R. App. P. 12(1)(f). Alternatively, the State argues that Savage's claim is without merit because even if his

6

counsel had filed a brief, he would not have been successful in challenging the added conditions.

¶22 We review ineffective assistance of counsel claims using the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052. In order for a criminal defendant to prevail on an ineffective assistance of counsel claim, he or she must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *Gunderson*, ¶¶ 67-68.

¶23 Before we reach the merits of such claim on direct appeal, we must determine whether the claim is properly before us, or if it would more appropriately be addressed in a petition for postconviction relief. *Id.* at ¶ 70. If a claim is record-based—the record contains the answer as to why counsel took or failed to take a certain action—the claim is appropriate for direct appeal. *Id.* at ¶¶ 70-71. If the claim is based on matters outside of the record, the claim is more appropriately addressed in a petition for postconviction relief where the defendant can develop a record as to why counsel acted the way he or she did. *Id.* at ¶ 71.

¶24 Here, we simply do not know why Savage's counsel chose to ignore the briefing schedule and did not file a brief or request for a continuance to file a brief. Because we are left asking "why," we conclude that this matter should be addressed in a petition for postconviction relief, rather than on direct appeal.

**CONCLUSION**

7

¶25 We decline to review Savage's collateral challenges to the revocation of his suspended sentence because the claims are not justiciable. Savage's ineffective assistance of counsel claim is more appropriately addressed in a petition for postconviction relief. We affirm the order of the District Court revoking Savage's suspended sentence and resentencing Savage to five years at MSP.

/S/ MICHAEL E WHEAT

We Concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE