DA 11-0285

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 152

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JOHN GORDON BRISCOE,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DC 10-324
                    Honorable Karen Townsend, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

           Jon Ellingson, Attorney at Law, Missoula, Montana

       For Appellee:

           Steve Bullock, Montana Attorney General; Micheal S. Wellenstein, Assistant
           Attorney General, Helena, Montana

           Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana


                            Submitted on Briefs:  April 11, 2012
                                    Decided:  July 18, 2012


Filed:

                  _____
                                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1　John Gordon Briscoe ("Briscoe") appeals from his conviction for assault with a weapon in the Fourth Judicial District Court, Missoula County.  We conclude Briscoe was not denied effective assistance of counsel, however, we reverse Briscoe's sentence and remand to the District Court to correct his sentence.

## BACKGROUND

¶2　On June 28, 2010, Briscoe stabbed Tom Trachy ("Trachy").  Briscoe, a 72 year old man, had been a client of the Poverello Center, a Missoula, Montana, homeless shelter.  Briscoe was kicked out of the shelter by Trachy on June 25, 2010, for violating the shelter's no alcohol policy.  On June 28, 2010, an intoxicated Briscoe soiled his pants and went to the Poverello Center to shower and change his clothing, which was stored in a locker at the shelter.  Trachy was working that day and, according to Briscoe, Trachy would not allow him to shower or retrieve his clean clothes.  A confrontation ensued, culminating in Briscoe stabbing Trachy in the back, then leaving the Poverello Center.  The police were called by another Poverello Center employee.  Trachy's wound was closed with three stitches at the hospital.

¶3　At approximately 4:00 p.m., Missoula police officers responded to the reported stabbing.  While walking the block from the police station to the Poverello Center, Officer Herbert encountered Briscoe and observed him throw something into the bushes.  Briscoe then raised his hands and said "I'm the one you want."  Briscoe made several more unsolicited incriminating statements to Officer Herbert.  He said he did not like the staff at the Poverello Center and said "I hope the fucking punk dies. The son of a bitch."  He also

said he knew the police were coming, so he threw the knife in the bushes, and pointed at the bushes. The police later recovered a knife from the same bushes. Briscoe was arrested and taken to the police station.

¶4 At the police station, Detective J.C. Denton ("Denton") was assigned to question Briscoe. Before questioning Briscoe, Denton administered a breath test. Briscoe's blood alcohol concentration was .166. Denton then questioned Briscoe to determine if Briscoe could knowingly, intelligently, and voluntarily waive his rights. Once Denton obtained what he believed to be a sufficient *Miranda* waiver, he proceeded with the interrogation and Briscoe made numerous incriminating statements, such as: ". . . I walked in and this guy jumped up in my face so I fucking stuck him[;] . . . I pulled a knife from my belt and I stuck the son of a bitch[;] . . .[t]he son of a bitch doesn't deserve to live . . . [a]nd I meant to kill him . . . I meant to stick him in the fucking heart . . . [p]lain and simple if I'd meant to cut him a little bit I'd hit him in a[n] arm or something I didn't mean to I meant to kill the dirty rotten bastard. . . ." He further said that "the honest truth is if I didn't kill him I hope I did I hope I hit him right in the fucking heart." Briscoe described in detail the knife he used to stab Trachy, and the manner in which he stabbed Trachy. He also described Trachy as a "prick" and a "real asshole."

¶5 Briscoe was subsequently charged with attempted deliberate homicide. After a jury trial, he was found guilty of the lesser included offense of assault with a weapon. At his sentencing hearing, Briscoe made the following statement:

> All I can do is ask for the mercy of The Court. I have a place to stay in Arizona. The only reason I need to go to Helena is because my billfold and my clothing have disappeared in the system. I need to replace those things and get

3

Social Security started again. I realize the seriousness of this thing. I don't believe that I can -- I'm older now than any member of my family that has ever lived. I would hate to die in prison.

¶6 Briscoe was sentenced to 20 years at Montana State Prison, with no restriction on parole eligibility. The District Court stated "[t]he reasons for the sentence, it takes into account the Defendant's criminal history, the verdict of the jury, and the apparent issues where the Defendant does not appear to have any remorse for this particular offense." A similar finding is in the written judgment.[1] These statements were not linked by the District Court to any evidence in the record.

¶7 Briscoe timely appealed, raising the following issues, which we restate:

¶8 *Issue One: Was Briscoe's counsel ineffective for failing to move to suppress Briscoe's post-Miranda statements?*

¶9 *Issue Two: Is Briscoe's sentence illegal because it was based in part on lack of remorse which was not affirmatively linked to information in the record?*

**STANDARDS OF REVIEW**

¶10 We review claims of ineffective assistance of counsel de novo. *State v. Gunderson*, 2010 MT 166, ¶ 66, 357 Mont. 142, 237 P.3d 74. However, before addressing the merits of an ineffective assistance of counsel claim, we must first determine whether the record is sufficient for review. *Gunderson*, ¶ 70; *State v. Robinson*, 2009 MT 170, ¶ 29, 350 Mont. 493, 208 P.3d 851. When the record is silent as to why counsel took a particular course of action, we will not address the claim on direct appeal. *Gunderson*, ¶ 71; *Robinson*, ¶ 29.

---

[1] The oral pronouncement of sentence controls. *State v. Duncan*, 2008 MT 148, ¶ 51, 343 Mont. 220, 183 P.3d 111.

Rather, the claim is better raised in a petition for postconviction relief where a sufficient record can be developed. *Gunderson*, ¶ 71; *Robinson*, ¶ 29; *State v. Rovin*, 2009 MT 16, ¶ 34, 349 Mont. 57, 201 P.3d 780. However, where no plausible reason exists to justify counsel's action or inaction, the claim is record-based and appropriate for direct appeal. *State v. Kougl*, 2004 MT 243, ¶ 19, 323 Mont. 6, 97 P.3d 1095.

¶11 When an offender is eligible for sentence review, we review a criminal sentence for legality only. *Gunderson*, ¶ 37. Because Briscoe was sentenced to more than one year of actual incarceration, he is eligible for sentence review. Section 46-18-903, MCA. Therefore, we review Briscoe's sentence for legality only. *Gunderson*, ¶ 38; *State v. McDowell*, 2011 MT 75, ¶ 11, 360 Mont. 83, 253 P.3d 812.

## DISCUSSION

¶12 *Issue One: Was Briscoe's counsel ineffective for failing to move to suppress Briscoe's post-Miranda statements?*

¶13 Briscoe argues there was no plausible justification for his counsel's failure to move to suppress his statements made while in police custody. Because there was no plausible justification for counsel's inaction, Briscoe argues his claim for ineffective assistance of counsel is suitable for direct appeal. He urges us to reverse his conviction and suppress the statements.

¶14 The State argues that this claim is not well-suited for direct appeal, but should be raised in a petition for post-conviction relief. However, should this Court consider the claim, the State argues that Briscoe suffered no prejudice from his counsel's failure to move to suppress his statements, and therefore his claim fails.

5

¶15 Before ruling on the merits of an ineffective assistance of counsel claim, we must determine if direct appeal is the proper forum to bring the claim. *Kougl*, ¶ 14. If the record provides the answer, the claim is record based and we will address it on direct appeal. *Kougl*, ¶ 14. If the record does not provide the answer, the claim is non-record based and we will not review the claim on direct appeal. *Kougl*, ¶ 14. Claims involving "omissions of trial counsel are often ill-suited for direct appeal." *Robinson*, ¶ 29; *State v. Russell*, 2008 MT 417, ¶ 33, 347 Mont. 301, 198 P.3d 271.

¶16 When reviewing ineffective assistance of counsel claims, we employ the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *State v. Savage*, 2011 MT 23, ¶ 22, 359 Mont. 207, 248 P.3d 308. In order for a defendant to prevail on an ineffective assistance of counsel claim, he or she must demonstrate both (1) that counsel's performance was deficient, i.e., it fell below an objective standard of reasonableness, and (2) that he or she suffered prejudice, i.e., a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Savage*, ¶ 22; *Gunderson*, ¶ 67. If the defendant makes an insufficient showing regarding one prong, the other need not be addressed. *Gunderson*, ¶ 68. Thus, if it can be shown from the record on direct appeal that a defendant cannot satisfy either of the *Strickland* prongs we will decide the issue accordingly.

¶17 For purposes of review in this case we assume that counsel's performance was deficient, thus satisfying the first prong of the *Strickland* test. We conclude, however, that Briscoe cannot establish that he was prejudiced by the assumed deficient performance. The burden is on Briscoe to establish that, but for counsel's deficient performance, there is a

reasonable probability that the result of the proceedings would have been different. *Gunderson*, ¶ 67. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Robinson v. State*, 2010 MT 108, ¶ 12, 356 Mont. 282, 232 P.3d 403.

¶18 Excluding Briscoe's in-custody statements, there was overwhelming evidence that Briscoe stabbed Trachy. Trachy testified it was Briscoe who stabbed him. When officers responded to the report of a stabbing, they nearly immediately encountered Briscoe, who raised his hands and told Officer Herbert that he (Briscoe) was "the one you want." Officer Herbert saw Briscoe throw an object into the bushes. Briscoe told officers he threw a knife into the bushes, and indicated which bushes. Officers later recovered a knife from those bushes. Briscoe also made several unsolicited statements to officers before his arrest, indicating that he did not like the staff at the Poverello Center and he hoped Trachy died.

¶19 Further, even after hearing the allegedly inadmissible statements Briscoe made while in custody indicating his intent to kill Trachy, the jury did not convict Briscoe of attempted deliberate homicide. Briscoe was convicted of the lesser included offense of assault with a weapon.

¶20 Briscoe has not established a reasonable probability exists that the outcome of the proceeding would have been different had his counsel filed a motion to suppress his in-custody statements. We conclude Briscoe did not receive ineffective assistance of counsel.

¶21 ***Issue Two: Is Briscoe's sentence illegal because it was based in part on lack of remorse which was not affirmatively linked to information in the record?***

7

¶22    Briscoe argues that his sentence is illegal because the District Court did not reference any part of the record to substantiate its finding that he lacked remorse. The State argues that, while the District Court "did fail to point to specific evidence in the record which showed Briscoe's lack of remorse[,]" there is substantial evidence in the record – namely Briscoe's statements to police – to support the District Court's finding of lack of remorse.

¶23    A district court can sentence a defendant based upon lack of remorse provided there is affirmative evidence of lack of remorse. *State v. Morris*, 2010 MT 259, ¶ 22, 358 Mont. 307, 245 P.3d 512. Such affirmative evidence includes: "evidence as to the manner of the commission of the offense or admissible statements made by a defendant pre-trial, at trial, or post-trial." *State v. Rennaker*, 2007 MT 10, ¶ 51, 335 Mont. 274, 150 P.3d 960. Lack of remorse may not be inferred from a defendant's silence or failure to acknowledge his conviction. *State v. Duncan*, 2008 MT 148, ¶ 53, 343 Mont. 220, 183 P.3d 111. The district court "must tie its finding of lack of remorse to actions or statements made by [the defendant] *in its pronouncement of the sentence*." *Duncan*, ¶ 54 (emphasis in original). Stated another way, if the district court does not point to affirmative evidence of lack of remorse in its pronouncement of the sentence, a sentence based on lack of remorse is not legal. *Duncan*, ¶¶ 54, 56.

¶24    In the present case, the District Court failed to point to any evidence to support its finding of lack of remorse, which the State acknowledges. This is undoubtedly error given our holding in *Duncan*. In *Duncan*, the district court sentenced Duncan based in part on his lack of remorse. There, as here, the district court "did not affirmatively point to any

8

evidence in the record to support that finding." *Duncan*, ¶ 54. Again, as the State does here, the State in *Duncan* argued on appeal "that there is sufficient evidence in the record from which we [this Court] could infer Duncan's lack of remorse." *Duncan*, ¶ 54. We held however, that "[e]ven if true, the presence of such evidence in the record would not cure the error. The District Court must tie its finding of lack of remorse to actions or statements made by [the defendant] *in its pronouncement of the sentence*." *Duncan*, ¶ 54 (emphasis in original).

¶25 Given our clear holding in *Duncan*, Briscoe's sentence based in part on lack of remorse is illegal. The District Court did not affirmatively point to any evidence in the record to support its finding of lack of remorse. When a portion of a sentence is illegal, and can be corrected on remand, we will remand to the district court to correct the illegal provision. *State v. Olivares-Coster*, 2011 MT 196, ¶ 16, 361 Mont. 380, 259 P.3d 760. Accordingly, we reverse Briscoe's sentence and remand to the District Court to correct this illegal provision.

## CONCLUSION

¶26 We conclude Briscoe was not denied effective assistance of counsel. We also conclude that Briscoe's sentence based in part on lack of remorse is illegal given our holding in *Duncan*. We remand to the District Court to correct Briscoe's sentence.

/S/ MICHAEL E WHEAT

9

We Concur:


/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ BETH BAKER