DA 12-0491

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 8

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

WILLIAM RICHARD OLSON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Madison, Cause No. DC 11-12
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Wade Zolynski, Chief Appellate Defender; Lisa S. Korchinski,
            Assistant Appellate Defender; Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General; Micheal S.
            Wellenstein, Assistant Attorney General; Helena, Montana

            Chris Christensen, Madison County Attorney; Chris McConnell,
            Deputy County Attorney; Virginia City, Montana

Submitted on Briefs:  December 18, 2013
Decided:  January 14, 2014

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     William Richard Olson (Olson) appeals from an order of the Fifth Judicial District Court, Madison County, sentencing him to the Department of Corrections (DOC) for ten years, with five years suspended. We affirm.

¶2     A restatement of the dispositive issues on appeal is:

¶3     *1.     Did the District Court commit plain error when it did not provide Olson the opportunity to withdraw his guilty plea pursuant to § 46-12-211, MCA, after it rejected the plea agreement?*

¶4     *2.     Did Olson's trial attorney provide ineffective assistance of counsel?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5     On April 25, 2011, the State charged Olson with felony theft. On December 19, 2011, Olson entered a plea agreement with the State. The plea agreement provided in part:

> 1.     Defendant shall plead guilty in the above-entitled action to the charge of Theft, a felony, in violation of [§ 301-6-301(a)-(b), MCA].[1]
> 2.     Defendant and Plaintiff agree that, in return for Defendant's plea of guilty, the following is the appropriate disposition of the case:
>> A. That Defendant shall be sentenced to the Department of Corrections for a term of five (5) years;
>> B. That all but one (1) year of the period of incarceration shall be suspended and Defendant shall be placed on probation for four (4) years, under the normal conditions of probation as determined by the Court after considering the [presentence investigation report (PSI)] recommendations and parties' recommendations. Restitution is outstanding and will be considered in the PSI. Defendant has credit for 113 days of time served.

---

[1] We note that the agreement cites a nonexistent statute. The correct statute for felony theft is § 45-6-301(1), MCA.

2

3. Defendant understands and acknowledges that this agreement is not binding on the [c]ourt.

¶6 At the change of plea hearing, the District Court stated: "this plea bargain agreement . . . [is] between you and the State of Montana. The [c]ourt's not a party to it, and therefore, the [c]ourt's not bound by it. And the result of which is that if you plead guilty and you are sentenced and you don't like the outcome, you don't have any opportunity to change your mind." Olson did not challenge this statement. After questioning Olson, the court concluded that he understood his rights, the charge against him, and the punishment, and that he had freely and voluntarily waived his rights in open court with his attorney present. The court accepted Olson's guilty plea and convicted him of felony theft.

¶7 The court ordered a PSI, which was filed on February 22, 2012. In the PSI, Probation and Parole Officer Claris Yuhas recommended that the District Court sentence Olson to the DOC for five years, with two years suspended. She also reported a discussion she had with Olson about the Plea Agreement:

When interviewing the defendant for the [PSI], he said he did not understand why the [PSI] was now being done as he was under the impression that he had accepted the plea agreement and that would be the sentence he would receive. I explained to him that the Judge does not have to go along with the Plea Agreement; that he can sentence him as he sees fit. Letter c of the Plea Agreement, which the defendant signed, even states that the Plea Agreement is not binding on the [c]ourt. Once I told the defendant that the Judge did not have to go along with the Plea Agreement, he stated that he was then going to withdraw his guilty plea.

¶8 On March 19, 2012, the District Court held a sentencing hearing. Officer Yuhas testified regarding her recommendation, and both parties recommended that the District

3

Court follow the plea agreement. The District Court instead sentenced Olson to the DOC for ten years, with five years suspended. Olson raised no objection, nor did he seek to withdraw his plea. On March 23, 2012, the District Court issued its written sentence, judgment, and order.

¶9 In October 2012, Olson filed his notice of appeal. On appeal, Olson alleges that the plea agreement was an agreement under § 46-12-211(1)(b), MCA (hereinafter a (1)(b) agreement). Olson argues that when the court rejected the plea agreement and failed to afford Olson the opportunity to withdraw his guilty plea, it committed plain error and violated Olson's constitutional right to due process. Olson further argues that he received ineffective assistance of counsel.

¶10 The State counters that plain error review is inappropriate because the plea agreement was an agreement pursuant to § 46-12-211(1)(c), MCA (a (1)(c) agreement), meaning the District Court was not required to afford Olson the opportunity to withdraw his plea after rejecting the agreement. The State further maintains that Olson failed to demonstrate that his counsel was ineffective.

## STANDARDS OF REVIEW

¶11 We review a district court's conclusions of law for correctness. *Mont. Sup. Ct. Commn. on the Unauth. Prac. of Law v. O'Neil*, 2006 MT 284, ¶ 26, 334 Mont. 311, 147 P.3d 200 (citation omitted).

¶12 Claims of ineffective assistance of counsel are mixed questions of law and fact which we review de novo. *In re J.S.W.*, 2013 MT 34, ¶ 26, 369 Mont. 12, 303 P.3d 741.

4

**DISCUSSION**

¶13   *1.     Did the District Court commit plain error when it did not provide Olson the opportunity to withdraw his guilty plea pursuant to § 46-12-211, MCA, after it rejected the plea agreement?*

¶14   Olson argues that we should exercise our plain error jurisdiction and determine that his constitutional right to due process was violated when the District Court did not give him the opportunity to withdraw his guilty plea. "We generally will not review issues not raised before the district court. We may undertake review of such an issue, however, under the plain error doctrine." *State v. Thorp*, 2010 MT 92, ¶ 23, 356 Mont. 150, 231 P.3d 1096 (citation omitted). This Court invokes plain error review sparingly. We apply plain error review only in situations that implicate a defendant's fundamental constitutional rights when failing to review the alleged error may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process. *Thorp*, ¶ 23 (citation and quotation marks omitted).

Pursuant to § 46-12-211, MCA, when the prosecutor and the defendant's attorney, or the defendant acting pro se, enter a plea agreement, the prosecutor may:

(a) move for dismissal of other charges;

(b) agree that a specific sentence is the appropriate disposition of the case; or

(c) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that the recommendation or request may not be binding upon the court.

5

(2) . . . [I]f a plea agreement has been reached by the parties, the court shall, on the record, require a disclosure of the agreement in open court or, on a showing of good cause in camera, at the time the plea is offered. If the agreement is of the type specified in subsection (1)(a) or (1)(b), the court may accept or reject the agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the agreement is of the type specified in subsection (1)(c), the court shall advise the defendant that, if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw the plea.

(3) If the court accepts a plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

(4) If the court rejects a plea agreement of the type specified in subsection (1)(a) or (1)(b), the court shall, on the record, inform the parties of this fact and advise the defendant that the court is not bound by the plea agreement, afford the defendant an opportunity to withdraw the plea, and advise the defendant that if the defendant persists in the guilty or nolo contendere plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Section 46-12-211, MCA.

¶15    Olson argues that the parties entered into a (1)(b) agreement which obligated the District Court to afford him an opportunity to withdraw his plea upon rejection of the plea agreement. *See* § 46-12-211(4), MCA. The State argues it was a (1)(c) agreement, under which the defendant has no right to withdraw his plea. *See* § 26-12-211(2), MCA. The plea agreement includes language indicative of both (1)(b) and (1)(c) agreements but contains no reference to a particular subsection of the statute. The agreement states that "the following is the appropriate disposition of the case" (incorporating (1)(b) language), and that "this agreement is not binding on the [c]ourt" (incorporating (1)(c) language). Though the document is ambiguous on its face, the court clearly treated it as a (1)(c)

agreement, both at the change of plea hearing and at the time of sentencing. At the change of plea hearing, the court told Olson that he would not be able to change his mind if he did not like the court's sentence. He nevertheless proceeded to change his plea. In her discussion with Olson, Officer Yuhas emphasized that the agreement was not binding on the court. Though Olson told her he would withdraw his guilty plea, Olson never attempted to do so. Given the unclear language of the document and the lack of protest to the court's statements, the court did not err in proceeding as if the agreement were a (1)(c) agreement.

¶16    Because we conclude that the District Court did not err when it rejected the plea agreement's sentencing recommendation without giving Olson the opportunity to withdraw his plea, Olson fails to demonstrate that failure to review the alleged error would result in a manifest miscarriage of justice, leave unsettled the fundamental fairness of the trial or proceeding, or compromise the integrity of the judicial process. Thus, plain error review is inappropriate.

¶17    2.    *Did Olson's trial attorney provide ineffective assistance of counsel?*

¶18    Olson claims he received ineffective assistance of counsel when his attorney remained silent at the change of plea hearing and at the sentencing and did not correct the District Court about the nature of the agreement. Olson argues that his attorney's "failure to act on behalf of his client, with a plea agreement negotiated and drafted by him, is deficient performance which falls below the objective standard of reasonableness." Olson contends that he was prejudiced by his attorney's actions.

¶19 The State counters that Olson's counsel was silent because he "knew that Olson and the State had entered into a (1)(c) type of plea agreement and understood that Olson could not withdraw from the agreement after the [court] did not sentence as recommended in the plea agreement." The State argues that Olson should raise this issue in a petition for postconviction relief, not in a direct appeal. The State further argues that Olson failed to demonstrate that his counsel's performance was deficient and that he suffered prejudice.

¶20 This Court applies the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), in assessing claims of inadequate assistance of counsel. *Dawson v. State*, 2000 MT 219, ¶ 20, 301 Mont. 135, 10 P.3d 49. "[T]he defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial." *Dawson*, ¶ 20 (citation omitted). "However, before addressing the merits of an ineffective assistance of counsel claim, we must first determine whether the record is sufficient for review." *State v. Briscoe*, 2012 MT 152, ¶ 10, 365 Mont. 383, 282 P.3d 657 (citation omitted). If the record is silent as to why counsel took a particular course of action, we will not address the claim on direct appeal. *Briscoe*, ¶ 10 (citation omitted). Such a claim is better raised in a petition for postconviction relief where a sufficient record can be developed. *Briscoe*, ¶ 10 (citation omitted). "[W]here no plausible reason exists to justify counsel's action or inaction, the claim is record-based and appropriate for direct appeal." *Briscoe*, ¶ 10 (citation omitted).

¶21 The record in this case is silent as to why Olson's counsel took the allegedly deficient course of action or inaction. Though the record contains transcripts of the change of plea hearing and the sentencing, there is no evident indication as to why Olson's attorney remained silent at the hearings. Because facts that might support Olson's ineffective assistance claims do not appear in the record and a plausible reason exists to justify the attorney's silence, the issue is properly the subject of a petition for postconviction relief and cannot be resolved on direct appeal.

## CONCLUSION

¶22 For the foregoing reasons, we affirm.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON