FILED

11/23/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0136

DA 20-0136

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 305N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

WALTER LEE TERRY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 19-80
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Gregory Hood, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

          Marcia Boris, Lincoln County Attorney, Libby, Montana

                    Submitted on Briefs:  June 2, 2021

                               Decided:  November 23, 2021

Filed:

_____
                Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. The case title, cause number, and disposition will be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Walter Lee Terry (Terry) appeals his January 2020 judgment of conviction and sentence in the Montana Nineteenth Judicial District Court, Lincoln County, on four counts of criminal distribution of dangerous drugs (CDDD), felonies in violation of § 45-9-101, MCA. Terry asserts that he received ineffective assistance of counsel (IAC) in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article II, Section 24, of the Montana Constitution. We affirm without prejudice to a non-record-based IAC claim upon timely petition for postconviction relief (PCR).[1]

¶3 On November 13, 2019, a jury found Terry guilty on four separate counts of CDDD based on corresponding methamphetamine transactions with a confidential police informant in Lincoln County in 2018. On December 30, 2019, the District Court sentenced him to an unsuspended 20-year prison term (Count I) and three suspended 10-year prison terms (Counts II-IV). The 10-year terms were concurrent with each other, but consecutive to the 20-year term. The court also imposed a net $2,000 fine ($500 on each count)[2] and

---

[1] *See* Title 46, chapter 21, MCA.

[2] *See* § 45-9-101, MCA ($50,000 max per count).

various statutory surcharges, costs, and fees—$80 felony surcharge,[3] $10 court information technology fee,[4] $800 assigned counsel costs,[5] $50 presentence investigation (PSI) fee,[6] $200 victim-witness program surcharge,[7] and $2,364.08 in various other costs.[8] Terry timely appeals.

¶4 The Sixth and Fourteenth Amendments to the United States Constitution, and Article II, Section 24, of the Montana Constitution, guarantee criminal defendants the right to effective assistance of counsel. However, the performance of counsel is constitutionally ineffective only if both deficient and prejudicial to the defendant. *State v. Herrman*, 2003 MT 149, ¶ 17, 316 Mont. 198, 70 P.3d 738; *Strickland v. Washington*, 466 U.S. 668, 685-87, 104 S. Ct. 2052, 2063-64 (1984). An IAC claimant has the burden of demonstrating both elements of an IAC claim. *Sartain v. State*, 2012 MT 164, ¶¶ 9 and 11, 365 Mont. 483, 285 P.3d 407; *Whitlow v. State*, 2008 MT 140, ¶¶ 10-14, 343 Mont. 90, 183 P.3d 861.

---

[3] *See* § 46-18-236(1)(b), MCA.

[4] *See* § 3-1-317, MCA.

[5] *See* § 46-8-113, MCA.

[6] *See* § 46-18-111(3), MCA.

[7] *See* § 46-18-236(1)(c) and (7)(a), MCA.

[8] *See* § 46-18-232(1), MCA (costs of prosecution, prosecution litigation costs (per § 25-10-201, MCA), jury service costs, and probation/community service supervision costs).

¶5 Under the first element of the *Strickland* test, the performance of counsel was constitutionally deficient only if it "fell below an objective standard of reasonableness measured [by] prevailing professional norms" under the totality of the circumstances. *Whitlow*, ¶ 20; *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064. The performance of counsel is presumed constitutionally effective and an IAC claimant thus has the burden of overcoming the presumption by making an affirmative showing that the performance was constitutionally deficient. *Whitlow*, ¶¶ 20-21; *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The mere fact that counsel failed to take an available measure or action is generally insufficient alone to establish that the performance was deficient. *State v. Mahoney*, 264 Mont. 89, 101-02, 870 P.2d 65, 73 (1994). *Accord Miller v. State*, 2012 MT 131, ¶ 14, 365 Mont. 264, 280 P.3d 272 ("counsel has no constitutional obligation to raise every non-frivolous issue"). "[T]o eliminate the distorting effects of hindsight," subsequent review of the performance of counsel "must be highly deferential." *Worthan v. State*, 2010 MT 98, ¶ 10, 356 Mont. 206, 232 P.3d 380 (citing *Whitlow*, ¶ 15).

¶6 Under the second element of the *Strickland* test, a deficient performance was prejudicial only upon a showing of a reasonable probability that the outcome would have been different but for the deficient performance. *Ariegwe v. State*, 2012 MT 166, ¶¶ 15-16, 365 Mont. 505, 285 P.3d 424; *Heath v. State*, 2009 MT 7, ¶ 17, 348 Mont. 361, 202 P.3d 118; *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. IAC claims present mixed questions of fact and law which we review de novo. *State v. Gunderson*, 2010 MT 166, ¶ 66, 357 Mont. 142, 237 P.3d 74 (internal citations omitted); *Whitlow*, ¶ 9.

4

¶4 A sentencing court may not impose statutorily authorized fines, surcharges, costs, or fees unless the defendant is "able to pay." Sections 46-8-113(3)-(4), 46-18-111(3), -231(1)(a), (3), -232(2), and -236(2), MCA.[9] In imposing statutory fines and other financial obligations, the sentencing court must thus give due consideration to the defendant's ability to pay as manifest by a record indication that the court "scrupulously and meticulously" considered his or her ability to pay based on reasoned consideration of his or her current financial resources, future ability to pay, and the nature of the burden that the obligation will impose on him or her and dependents under the circumstances of each case. *State v. Reynolds*, 2017 MT 317, ¶¶ 20-29, 390 Mont. 58, 408 P.3d 503; *State v. Gable*, 2015 MT 200, ¶¶ 22-23, 380 Mont. 101, 354 P.3d 566; *State v. Moore*, 2012 MT 95, ¶¶ 14-21, 365 Mont. 13, 277 P.3d 1212. *Accord State v. McLeod*, 2002 MT 348, ¶¶ 34-35, 313 Mont. 358, 61 P.3d 126 (citing § 46-18-231(3), MCA); *State v. Hubbel*, 2001 MT 31, ¶¶ 36-38, 304 Mont. 184, 20 P.3d 111, *overruled in part on other grounds by State v. Hendricks*, 2003 MT 223, ¶ 11, 317 Mont. 177, 75 P.3d 1268 (court must make inquiry and "take into account the financial resources of the defendant and the nature of the burden that payment of costs will impose"); *State v. Farrell*, 207 Mont. 483, 492, 676 P.2d 168, 173-74 (1984) (court must "make meaningful inquiry" and "fully consider[]" defendant's "financial resources and the burden that recoupment [of statutory costs] would impose"). *See also* §§ 46-8-113(4), 46-18-231(3), and -232(2), MCA (court must "take into account"

---

[9] *See also* § 3-1-317(2), MCA ("court may waive" court information technology fee if it "determines that [the] defendant . . . is unable to pay").

the defendant's current financial resources, future ability to pay, and "the nature of the burden" that the obligation will impose).[10]

¶7    Here, there is no record indication that the District Court "scrupulously and meticulously" considered Terry's ability to pay any of the imposed fines, surcharges, costs, or fees based on reasoned consideration of his current financial resources, future ability to pay, or the nature of the burden that those financial obligations would impose on him as he goes forward during the unsuspended and probationary phases of his sentence.[11] The court thus erroneously imposed the subject fines, surcharges, fees, and costs without adequate consideration of his ability to pay. Inexplicably, defense counsel did not object.

¶8    However, decisions as to whether and to what extent to object to questionable rulings or prosecutorial conduct generally fall within the broad range of professional judgment and discretion of counsel regarding defense strategy and tactics. *Whitlow*, ¶ 21; *State v. Upshaw*, 2006 MT 341, ¶ 33, 335 Mont. 162, 153 P.3d 579. Accordingly, except in rare cases where there can be "no plausible justification" for the disputed action or inaction of counsel, non-record-based IAC claims—claims where the record does not manifest the reason for the disputed action or inaction—are subject to denial or dismissal on direct appeal without prejudice to timely petition for PCR. *State v. Briscoe*, 2012 MT 152, ¶ 10, 365 Mont. 383, 282 P.3d 657; *Upshaw*, ¶ 34; *State v. Fender*, 2007 MT 268,

---

[10] *See also* § 46-18-231(3), MCA (in assessing fines court must also "take into account the nature of the crime committed").

[11] The PSI stated only that Terry was then unemployed and had no "listed" income, assets, or debts.

¶ 9, 339 Mont. 395, 170 P.3d 971; *State v. Kougl*, 2004 MT 243, ¶¶ 14-21, 323 Mont. 6, 97 P.3d 1095; *Hagen v. State*, 1999 MT 8, ¶¶ 12-15, 293 Mont. 60, 973 P.2d 233; *In re Evans*, 250 Mont. 172, 173, 819 P.2d 156, 157 (1991). *Accord State v. Denny*, 2021 MT 104, ¶ 37, 404 Mont. 116, 485 P.3d 1227 (non-record-based IAC claims not amenable to review on direct appeal except where there can be "no legitimate reason for counsel's actions or inactions" – citing *Kougl*, ¶ 15). *See also State v. White*, 2001 MT 149, ¶ 20, 306 Mont. 58, 30 P.3d 340 (IAC claims are record-based only if the record fully manifests the rationale for the subject action or inaction).

¶9 Here, the record does not reflect any indication as to whether defense counsel's failure to object was a reasoned decision of strategy or tactics, or merely inadvertent neglect. As noted by the State, the record is silent as to what defense counsel knew about Terry's current financial status or about what prior or contemporaneous discussion they may have had regarding the statutory financial obligations referenced in the PSI and as ultimately imposed by the court. Under these circumstances, as in *State v. Hinshaw*, 2018 MT 49, ¶ 22, 390 Mont. 372, 414 P.3d 271, we cannot conclude that there could be no plausible or legitimate reason why counsel did not object to the fines and other statutory financial obligations based on Terry's inability to pay.

¶10 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. Affirmed without prejudice to a non-record-based IAC claim upon timely PCR petition.

/S/ DIRK M. SANDEFUR

7

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE