DA 06-0833

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 238

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JACOB RALPH STARR,

Defendant and Appellant.

FILED

SEP 1 8 2007

*Ed S...*
CLERK OF T...
STATE ...

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 06-130,
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Edmund F. Sheehy, Jr., Regional Deputy Public Defender,
Missoula, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

        Fred R. VanValkenburg, County Attorney; Jennifer Clark,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:   August 22, 2007

Decided:   September 18, 2007

Filed:

_____
/ Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Jacob Ralph Starr appeals his sentence. Starr argues that the District Court erred by ordering him to repay $2,103.40 in court-appointed attorney's fees. We reverse and remand with instructions to strike the illegal portion of the sentence.

¶2 We restate the issue as follows:

¶3 **Did the District Court err in finding Starr unable to pay a fine, and then sentencing him to pay his court-appointed attorney's fees?**

## BACKGROUND

¶4 Starr pled guilty to the counts of criminal possession with intent to distribute and criminal possession of drug paraphernalia. The pre-sentence investigation report (PSI) stated that Starr had a monthly income of $1,000 and that he earned an hourly wage of six dollars as a cook. The PSI recommended that Starr pay a fine of $3,000, in addition to other administrative fees and costs. Notably, the PSI also recommended that Starr pay public defender fees, but failed to specify the amount of the fees.

¶5 At the sentencing hearing, the District Court expressed concern that Starr would not be able to pay the fine recommended by the PSI: "[I] don't see how you're going to pay $3,000 in three years at $6 an hour." The District Court then gave Starr credit for time served against the fine. Both the hearing transcript and the published judgment contain the District Court's finding that Starr had a "limited ability to pay."

¶6 However, the District Court then ordered Starr to reimburse the State for cost of his court-appointed attorney's fees, and made it clear that the credit for time served

2

would only be applied against the fine, not the fees. Neither the PSI nor the transcript of the sentencing hearing specifies the amount of the attorney's fees. The District Court's published judgment orders Starr to pay $2,103.40 for his court-appointed attorney.

## STANDARD OF REVIEW

¶7 This Court reviews a criminal sentence for legality to determine whether the sentence is within the statutory parameters. *State v. Kotwicki*, 2007 MT 17, ¶ 5, 335 Mont. 344, ¶ 5, 151 P.3d 892, ¶ 5.

## DISCUSSION

¶8 A court may not sentence a defendant to pay the costs for assigned counsel unless the defendant is or will be able to pay them. Section 46-8-113(3), MCA. Here, the District Court found that Starr could not afford to pay a $3,000 fee. This finding directly undermines the District Court's order that Starr pay $2,103.40 in attorney's fees. The District Court did not make any finding which explains this contradiction, or demonstrates how Starr would be able to pay the costs for his assigned counsel.

¶9 The total cost of the attorney's fees was not included in the PSI, nor disclosed at any time during the sentencing hearing. It is clear that the District Court could not have made an informed determination about Starr's ability to pay without this crucial piece of information.

¶10 Absent an affirmative finding of Starr's ability to pay the attorney's fees, the District Court's sentence is illegal for failing to comply with the requirements of § 46-8-113(3), MCA.

3

## CONCLUSION

¶11 The District Court's sentence requiring Starr to pay the costs for his assigned counsel goes against the weight of its evidentiary findings, and is illegal because it does not meet the requirements of § 46-8-113(3), MCA. We reverse and remand with instructions to strike the portion of the sentence concerning the attorney's fees.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4