DA 11-0284

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 95

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GEORGE MOORE,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twentieth Judicial District, In and For the County of Lake, Cause No. DC 10-94 Honorable Deborah Kim Christopher, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender; Jennifer A. Hurley, Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant Attorney General, Helena, Montana

            Mitch Young, Lake County Attorney, Polson, Montana

                      Submitted on Briefs: January 25, 2012
                                    Decided: May 1, 2012

Filed:

                    _____
                            Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     A jury convicted George Moore (Moore) of felony driving under the influence of alcohol or drugs in violation of § 61-8-401(1), MCA.  The Twentieth Judicial District Court, Lake County, sentenced Moore and also imposed appointed counsel costs of $1,340, prosecution costs of $100, and jury costs of $1,447.50.  Moore appeals the imposition of those costs.  We reverse and remand.

¶2     We review the following issue on appeal:

¶3     *Did the District Court properly investigate Moore's financial ability to pay the jury costs, appointed counsel costs, and prosecution costs?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     The State of Montana (State) charged Moore with felony driving under the influence of alcohol or drugs in violation of § 61-8-401(1), MCA, in June 2010.  A jury found Moore guilty in November 2010.

¶5     A probation officer prepared a presentence investigation report (PSI) on January 3, 2011.  Moore's PSI indicated that he has $7,900 in assets and $3,500 in debts.  The $7,900 represents the value of his truck, van, and car, as well as an antique gun. His $3,500 in debts constitutes bank loans for his vehicles.  The PSI stated that Moore had been employed with his cousin's cabinet company, though Moore was not currently working at the time that the probation officer prepared Moore's PSI.  Moore earned $14.50 an hour when employed at the cabinet company.  Moore underwent hand surgery, however, the day before his arrest.

2

The PSI contains no reference as to how, if at all, this injury would affect Moore's ability to work at his cousin's cabinet company in the future.

¶6      The PSI recommended that Moore pay the appropriate statutorily mandated fees. These fees included a fee for the preparation of the PSI, supervision fees, a fine, a surcharge for each felony offense, a surcharge for victim and witness advocate programs, and a court information technology fee. The PSI did not contemplate the imposition of jury costs, costs of the prosecution, or the cost of a public defender. The PSI did not explore Moore's ability to pay any restitution, and listed "N/A" under the heading "Restitution." The PSI thus did not investigate Moore's ability to pay additional trial costs.

¶7      The State asked the court to impose costs of the jury, prosecution, and appointed counsel at Moore's sentencing hearing on January 6, 2011. The State claimed jury costs of $1,447.50. The State did not know the amount of appointed counsel costs. The State claimed that § 46-18-232(1), MCA, sets the cost of prosecution at $100. The State acknowledged that it had not informed the probation officer who had prepared Moore's PSI that it intended to ask the court to impose these court costs. Moore's counsel objected to the imposition of jury and public defender costs due to his indigence. The State argued that Moore likely could find a job upon his release from prison based upon Moore's employment history.

¶8      The District Court stated that it would not revoke Moore's suspended commitment to the Department of Corrections (DOC) "in the event that it is shown that he is unable to pay those costs, but that is yet to be seen depending on how things go once he's outside of any

3

kind of incarcerated status." The District Court did not question Moore about his ability to pay court costs. Moore's testimony was limited to an apology for his actions.

¶9 The District Court imposed a thirteen-month commitment to the DOC, followed by a suspended commitment to the DOC for five years. The court imposed orally the three court costs without stating the amount of each. The written judgment listed the cost of appointed counsel at $1,340, the cost of prosecution at $100, and the cost of the jury at $1,447.50. Moore appeals.

## STANDARD OF REVIEW

¶10 We review for legality a criminal sentence imposing over one year of incarceration. *State v. Gunderson*, 2010 MT 166, ¶ 37, 357 Mont. 142, 237 P.3d 74. We review *de novo* whether the court adhered to the applicable sentencing statute. *State v. McMaster*, 2008 MT 268, ¶ 20, 345 Mont. 172, 190 P.3d 302.

## DISCUSSION

¶11 Section 46-8-113(1), MCA, authorizes a district court to impose costs incurred by counsel assigned to represent the defendant. The court must question the defendant as to the defendant's ability to pay the costs. Section 46-8-113(3), MCA. The court cannot impose such costs "unless the defendant is or will be able to pay the costs" of assigned counsel. Section 46-8-113(4), MCA. Section 46-18-232(1), MCA, authorizes a district court to impose costs incurred by the prosecution. The court may not impose costs of prosecution "unless the defendant is or will be able to pay them." Section 46-18-232(2), MCA.

4

¶12 The Court determined in *State v. McLeod*, 2002 MT 348, ¶ 35, 313 Mont. 358, 61 P.3d 126, that a district court must investigate a defendant's ability to pay a fine. McLeod owed thousands of dollars in back child support. *McLeod,* ¶ 32. McLeod's PSI did not address his ability to pay court-imposed fines. *McLeod,* ¶ 33. The district court imposed a $1,000 fine without asking McLeod about his ability to pay. *McLeod,* ¶ 32. The fine was due immediately upon McLeod commencing parole, pursuant to § 46-18-234, MCA. *McLeod,* ¶ 29.

¶13 The Court determined that the district court had failed to comply with the requirements in § 46-18-231(3), MCA, before imposing the fine. These requirements include consideration of whether the defendant will be able to pay the fine, the defendant's financial resources, and the burden that the fine would impose. *McLeod*, ¶ 35. The Court remanded to the district court for further proceedings to determine whether McLeod had the ability to pay the fine and for consideration of the other factors required by the statute. *McLeod*, ¶ 35.

¶14 The District Court failed to question Moore directly about his ability to pay the costs of his appointed counsel as required under § 46-8-113(3), MCA. Moore's PSI did not explore his ability to pay costs of his appointed counsel or prosecution, but did include Moore's assets and debts. The court did not refer to the information in the PSI in either its oral pronouncement or written order. The court did not "demonstrate a serious inquiry or separate determination" into the defendant's ability to pay the fine. *McLeod*, ¶ 34. The court acknowledged tacitly Moore's potential inability to pay the costs by not conditioning

5

Moore's suspended sentence on payment of the costs. The court did not "take into account the financial resources of the defendant and the nature of the burden," however, that the costs would impose. *McLeod*, ¶ 34. The District Court failed to investigate Moore's ability to pay costs of appointed counsel or costs of prosecution, as required by § 46-8-113, MCA, and § 46-18-232(2), MCA.

¶15 Section 46-18-232(1), MCA, similarly allows a court to require a convicted defendant to pay costs of jury service. The court must determine whether the "defendant is or will be able to pay them." Section 46-18-232(2), MCA. The court must consider the defendant's resources, the future ability of the defendant to pay, and the burden that the costs will impose on the defendant. Section 46-18-232(2), MCA.

¶16 In applying this statute, however, courts must be cognizant that the United States Constitution protects the right to trial by jury in Article III, Section 2. The Montana Constitution provides a person with an enhanced right to a jury trial. *State v. Covington*, 2012 MT 31, ¶ 20, 364 Mont. 118, 272 P.3d 43. The Montana Constitution refers to the right to a jury trial in three separate places. Mont. Const. art. II, §§ 7, 24, 26. Each person has the right to a jury trial and that right "shall remain inviolate." Mont. Const. art. II, § 26.

¶17 This Court in *State v. Blackwell*, 2001 MT 198, ¶ 7, 306 Mont. 267, 32 P.3d 771, addressed a district court's imposition of jury costs. We noted that the court could have imposed jury costs upon the defendant pursuant to § 46-18-232, MCA, after "a proper determination that [the defendant] 'is or will be able to pay them.' " *Blackwell*, ¶ 7. We reversed the imposition of jury costs in *Blackwell*, however, based upon the district court's

improper reliance on Local Rule 11 for the assessment of costs. *Blackwell,* ¶ 8. The district court failed to consider entirely the defendant's ability to pay those costs as required by § 46-18-232, MCA.

¶18    To require a defendant to pay costs of a jury trial poses a potential chilling effect on an indigent defendant. A defendant who cannot afford the potential cost associated with a criminal jury trial may forego a jury trial, even if a jury trial would be in a defendant's best interest. As a result, courts cannot apply the portion of § 46-18-232(1), MCA, that allows the imposition of "costs of jury service" to indigent defendants without first scrupulously and meticulously determining the defendant's ability to pay those costs. To apply the provision to a defendant who cannot afford the fee undermines his right to a jury trial.

¶19    The District Court failed to ascertain independently Moore's ability to pay the jury costs, and appears to have relied solely upon the information contained in the PSI. The PSI did not address directly Moore's ability to pay the jury costs. The PSI stated that Moore had been employed at $14.50 an hour, though he was not currently earning an income. The District Court needed to investigate further Moore's financial circumstances, including his ability to pay, before imposing jury costs.

¶20    An order of jury costs must not compromise a defendant's right to a jury trial. The PSI demonstrated that Moore was not working at the time of his sentencing and that Moore recently had suffered an injury. Nothing in the record indicates that Moore had the ability to pay jury costs of $1,447.50 in this instance. Without further evidence indicating his ability

to pay, to require Moore to pay those jury costs would encroach upon his clear and "inviolate" constitutional right to a jury trial. Mont. Const. art. II, § 26.

¶21 We remand to the District Court for a determination as to whether Moore can afford the appointed counsel and prosecution costs pursuant to § 46-8-113, MCA, and § 46-18-232, MCA. We also remand the District Court's award of jury costs of $1,447.50 for a similar determination. The District Court's analysis of Moore's ability to pay jury costs must take into account the potential chilling effect of these jury costs on the rights of an indigent defendant to a jury trial in a criminal case. The District Court must analyze the factors contained in § 46-18-232(2), MCA, with an eye to preserving an indigent defendant's "inviolate" right to a jury trial in a criminal case.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES C. NELSON