DA 12-0233

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 8N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CATHERINE JOSEPHINE ACORD,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-2011-191
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jennifer A. Giuttari, Montana Legal Justice, PLLC, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schultz, Assistant Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney, Andrew Paul, Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  November 21, 2012

Decided:  January 22, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Catherine Josephine Acord (Acord) appeals from her conviction of felony Criminal Possession of Dangerous Drugs in the Fourth Judicial District Court, Missoula County. Acord argues that she was illegally ordered to pay an $800 public defender fee as part of her sentence. We affirm.

¶3 Acord was charged with Criminal Possession of Dangerous Drugs on May 16, 2011. She pled no contest pursuant to a plea agreement on December 6, 2011. The plea agreement was filed with the court, which recommended an eighteen-month deferred sentence and imposition of $1,080 in fines and fees. One of the assessed fines and fees was an $800 public defender fee.

¶4 A presentence investigation report was completed for the court. Among other things, the presentence report noted that Acord lived rent free with her father, received $200 a month in food stamps, and planned to apply for Social Security Disability. The report also indicated that Acord was currently unemployed and had significant debts for medical bills, student loans, and outstanding court fines and fees.

¶5 At the sentencing hearing on February 7, 2012, Acord's attorney asked the court to waive the public defender fee due to her inability to pay. The court discussed Acord's

financial status and income potential with her attorney and the prosecuting attorney. The judge agreed to waive a $100 fine recommended by the plea agreement, but refused to waive the public defender fee. The judge explained, "[T]hat will reduce her exposure to $930. . . . [T]hat's about $50 a month if she gets on it. So that's not completely out of reach, I don't think, even for somebody that's disabled." The judge encouraged Acord to do the best that she could to pay the fine. He told her that he would not revoke her sentence, however, if she was unable to make the payments.

¶6　　Acord argues on appeal that the District Court's inquiry into her ability to pay the public defender fee was insufficient. Acord also argues that the court's imposition of that fee was illegal because the court failed to issue an affirmative finding that she is or will be able to pay those costs. We review criminal sentences of one year of incarceration or more for legality only. *State v. Moore*, 2012 MT 95, ¶ 10, 365 Mont. 13, 277 P.3d 1212. We review de novo whether a district court adhered to the applicable sentencing provisions. *Moore*, ¶ 10.

¶7　　A sentencing court may order a defendant who pleads guilty to a felony prior to trial to pay $800 for the costs of assigned counsel. Section 46-8-113(1)(a)(ii), MCA. The court may only sentence a defendant to pay the public defender fee, however, if the defendant is or will be able to pay those costs. Section 46-8-113(4), MCA. Accordingly, a sentence that imposes a public defender fee is illegal if the court does not make an affirmative finding that the defendant is able to pay the fee. *State v. Starr*, 2007 MT 238, ¶ 10, 339 Mont. 208, 169 P.3d 697.

¶8      Our review of the record convinces us that the District Court complied with the requirements set forth in § 46-8-113, MCA.  Upon Acord's request, the court engaged in a discussion during the sentencing hearing as to whether she could pay the public defender fee.   The court considered the statements made at sentencing and the information in the presentence report, including Acord's income, living situation, debts, and Social Security Disability application.   The District Court made an affirmative finding that Acord could pay the fee when it determined that $50 a month was "not completely out of reach, I don't think, even for somebody that's disabled."  Moreover, Acord agreed to imposition of the public defender fee by signing the plea agreement. Acord's sentence was not illegal.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.  The issues are clearly controlled by settled Montana law.  We find no reason in fact or law to disturb the District Court's order.

¶10     Affirmed.

/S/ Mike McGrath

We Concur:

/S/ Patricia O. Cotter
/S/ Brian Morris
/S/ Michael E Wheat
/S/ Jim Rice

4