FILED

May 5 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0733

DA 14-0733

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 123N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BRENDA D. BERG,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DC 12-27
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Brenda Denise Berg, self-represented; Billings, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General; Katie F. Schulz, Assistant
Attorney General; Helena, Montana

      Alex R. Nixon, Carbon County Attorney; Red Lodge, Montana

Submitted on Briefs:  April 8, 2015
Decided:  May 5, 2015

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brenda Denise Berg appeals from the denial of her Motion for Reconsideration of Restitution. In 2012, Berg wrote $2,390 worth of checks drawn on Julius Pilati's account with First Bank of Wyoming. Berg was charged in Carbon County with forgery, a felony common scheme, and felony theft, on July 31, 2012. On December 18, 2013, Berg pled guilty to the forgery charge in exchange for a dismissal of the theft charge. Berg acknowledged her responsibility to pay restitution for the forged checks in her waiver of rights and plea. Attached to Berg's waiver was an affidavit in which an officer of the First Bank of Wyoming sought restitution for the value of the checks, as the bank had borne the loss by covering them.

¶3 Berg had recently been sentenced in Yellowstone County for two counts of felony forgery and one felony count of elder abuse. Upon agreement of the parties, the Carbon County offense proceeded to sentencing while utilizing the Pre-Sentence Investigation (PSI) report prepared in conjunction with the Yellowstone County offenses. Before the PSI was reused, the parties noted all relevant changes and corrections necessary for its applicability to the Carbon County sentencing. Berg was sentenced to the Montana State

2

Women's Prison for a period of five years, to run concurrently with the recently imposed Yellowstone County sentence.

¶4     On August 21, 2014, 225 days after entry of the District Court's written judgment and sentence in the Carbon County matter, Berg filed a Motion for Reconsideration of Restitution. Berg argued the restitution order was improper under § 46-18-242, MCA, as the statute requires the crime victim to be the affiant when providing a value of pecuniary loss. Because Berg forged checks in Pilati's name, she argued that Pilati should have been the affiant, not the bank. Berg additionally argued the statute was violated when no PSI was ordered specifically for the Carbon County case, and that, in the absence of a proper PSI, Pilati should have testified as to his loss. The District Court denied Berg's motion, concluding that under § 46-18-242, MCA, the bank was the proper affiant for restitution purposes because it suffered the actual pecuniary loss by covering Berg's fraudulent checks. Additionally, the court found Berg's claim regarding a new PSI to be without merit, as she had consented to the use of the Yellowstone County PSI and was given the opportunity to offer additions, deletions, and corrections as needed. Finally, the court rejected Berg's argument that Pilati should have testified to his loss, again noting that the bank ultimately incurred the loss. From the denial of her motion, Berg appeals.

¶5     When a criminal sentence exceeds one year of incarceration, we review the sentence for legality. *State v. Gunderson*, 2010 MT 166, ¶ 37, 357 Mont. 142, 237 P.3d 74. Our review of whether a district court adhered to the applicable sentencing provisions is de novo. *State v. Moore*, 2012 MT 95, ¶ 10, 365 Mont. 13, 277 P.3d 1212.

3

This Court reviews factual findings regarding restitution amounts for clear error. *State v. Aragon*, 2014 MT 89, ¶ 9, 374 Mont. 391, 321 P.3d 841.

¶6     Berg reasserts the claims raised before the District Court and makes new arguments relating to wrongful possession of her property by Pilati as well as assertions of ineffective assistance of counsel. Under M. R. App. P. 4(5)(b)(i), Berg had 60 days to appeal the District Court's sentence and order requiring payment of restitution. Berg failed to file a direct appeal and sought reconsideration of the restitution 225 days later. The State argues, and we agree, that the matter is procedurally barred and accordingly, we need not reach the merits of her claims.

¶7     Even if we were to deem Berg's motion a petition for postconviction relief, she raises issues that could have been raised during the sentencing hearing and on direct appeal from her sentence, but were not. She also raises new claims not previously raised. Because Berg failed to object to the written sentence, did not appeal the sentence, and now raises new issues, we conclude her arguments were waived and are improperly before this Court. Section 46-21-105(2), MCA.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶9     Affirmed.

/S/ JIM RICE

4

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA