FILED

05/09/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0671

DA 15-0671

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 107

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

BRANDON BLUE THOMPSON,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Broadwater, Cause No. DC 14-15
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Moses Okeyo, Assistant Appellant
Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

            Cory J. Swanson, Broadwater County Attorney, Townsend, Montana

Submitted on Briefs: March 1, 2017

Decided: May 9, 2017

Filed:

_____
               Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Brandon Thompson appeals the District Court's imposition of criminal defense fees and other costs in the written judgment against him on the grounds that they were not imposed in the oral pronouncement of the sentence or following a consideration of Thompson's ability to pay. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 Thompson was convicted by a Lewis and Clark County jury of felony driving under the influence, negligent endangerment, and six other driving offenses. At the sentencing hearing, the County Attorney "recommended some leniency and suspension of fines" because the fines would be a burden to Thompson's family. In its oral pronouncement of sentence, the District Court reduced Thompson's total fines related to the eight counts from $3,520 to $390.

¶3 After addressing each count, the District Court incorporated the sentencing conditions of Thompson's presentence investigation report (PSI) into its oral pronouncement of sentence. The court stated:

> Mr. Thompson, in the Presentence Investigation, they've got a lot of conditions that you are to meet when you are out. Your sentence, you can remain out on a five-year suspended sentence as long as you obey all of those conditions. I am hopeful you will, and this will allow you to get treatment and get this behind you and get ahead of things.

After ruling that Thompson's DUI sentence would run consecutive to his misdemeanor sentences, the court asked if there was "[a]nything else from anybody." Neither party responded, and the court concluded the hearing.

2

¶4　The PSI conditions that the court incorporated into its oral pronouncement included additional fees, costs, and surcharges.  Of relevance here, the PSI provided:

> f.  Costs of assigned counsel, paid to clerk of court: (§ 46-8-113, MCA)
> 　　i. Offender shall pay costs incurred by the Office of Public Defender for providing counsel in the criminal trial[;] Costs incurred: $ <u>TBD</u>

> .　.　.

> h.  The Defendant shall pay costs of legal fees and expenses defined in § 25-10-201, MCA, plus costs of jury service, prosecution, and pretrial, probation, or community supervision or $100 per felony case or $50 per misdemeanor case, whichever is greater.  (§ 46-18-232, MCA).

The PSI included also a financial profile of Thompson and his family that detailed their income, assets, and debts.

¶5　The District Court entered a written judgment that ordered Thompson to pay the additional fees, costs, and surcharges included in the PSI conditions.  The written judgment specified $2,028.36 for costs of assigned counsel and $1,846.15 for costs of jury service and other expenses related to the case.  Thompson appeals.

## STANDARD OF REVIEW

¶6　We review a district court's imposition of sentence for legality.  *State v. Johnson*, 2000 MT 290, ¶ 13, 302 Mont. 265, 14 P.3d 480.  Whether a sentence is legal is a question of law that we review de novo to determine whether the court's interpretation of the law is correct.  *Johnson*, ¶ 13.

3

**DISCUSSION**

¶7    *1. Whether the District Court erred in imposing fees, costs, and surcharges in the written judgment that it did not articulate during the oral pronouncement of sentence.*

¶8    A district court's "oral pronouncement of a criminal sentence . . . is the 'legally effective sentence and valid, final judgment.'" *Johnson*, ¶ 15 (quoting *State v. Lane*, 1998 MT 76, ¶ 40, 288 Mont. 286, 957 P.2d 9). A "written judgment is merely evidence of the oral sentence." *Johnson*, ¶ 15. Thus, "in the event of a conflict between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement controls." *Lane*, ¶ 48. In determining whether portions of a written judgment conflict with the oral pronouncement of sentence, we "determine first, whether the defendant was afforded the opportunity to respond to its inclusion upon sufficient notice at sentencing, and second, whether that portion of the written judgment substantively increases one of two things: (1) the defendant's loss of liberty; and (2) the defendant's sacrifice of property." *Johnson*, ¶ 24. What is "truly at issue" under this inquiry is "whether a written judgment had, without notice, substantively increased a defendant's criminal sentence which had been previously imposed in open court." *State v. Kroll*, 2004 MT 203, ¶ 20, 322 Mont. 294, 95 P.3d 717 (citing *Johnson*, ¶ 24).

¶9    Thompson argues that we "must strike all the fees, costs, and surcharges because they were not included in the controlling, oral pronouncement and were included in the written judgment without notice" to him. Thompson claims that he was not aware that the District Court would be imposing PSI conditions that included additional costs, fees, and surcharges, and that the court did not expressly address these issues during its oral

4

pronouncement of the sentence. Thompson therefore contends that he did not have an opportunity to object to their inclusion.

¶10 Thompson acknowledges that during sentencing the District Court "incorporated the conditions of [the PSI] into the oral pronouncement," and that a number of the "conditions were additional fines, costs, and surcharges." Although the written judgment contained specific amounts not discussed during the oral pronouncement, the PSI conditions made clear that Thompson would be responsible for costs of his defense "TBD" and for additional fees, costs, and surcharges. For that reason, we decline to hold that the written judgment conflicted with the court's oral pronouncement of sentence. *See Kroll*, ¶ 23 (affirming certain sentencing conditions even though "the District Court did not recite these conditions verbatim at sentencing, or specifically incorporate them into [the defendant's] sentence by reference to the PSI," in part because we were not "inclined to elevate form over substance or otherwise impose hyper-technical rules at sentencing").

¶11 In addition, given the court's discussion of the conditions listed in the PSI, Thompson ought to have been "aware of his sentence" when he left the sentencing hearing. *Lane*, ¶ 38 (citation and internal quotes omitted). The PSI conditions specifically recommended that Thompson would be responsible for paying costs associated with assigned counsel at an amount to be determined, costs as defined in § 25-10-201, MCA, and expenses related to the case pursuant to § 46-18-232, MCA. During the sentencing hearing, Thompson's counsel questioned the probation officer who prepared the PSI; counsel did not question the officer about any of the conditions relating to the fees, costs, and expenses for which amounts had not yet been determined. The District Court expressly

5

incorporated the PSI's conditions on the record. The court then asked if there was "[a]nything else from anybody," and neither party responded. Thompson had notice that the PSI conditions relating to costs would be included in his sentence and the opportunity to object to the court's statement incorporating the PSI conditions. *See State v. McLeod*, 2002 MT 348, ¶ 21, 313 Mont. 358, 61 P.3d 126 (concluding that the defendant's due process rights were not violated when the district court relied on incorrect information in the PSI because the defendant "and his counsel were given ample time to review and discuss the PSI prior to the sentencing hearing, . . . and were given more than one opportunity at the hearing to object to any information contained in the PSI").

¶12    *2. Whether the District Court erred by imposing additional costs and fees without considering Thompson's ability to pay.*

¶13    Thompson asserts that the District Court erred when it failed to consider his financial resources and his ability to pay when it adopted the PSI conditions. Relying on the language of applicable statutes, and our holdings in *State v. Starr*, 2007 MT 238, 339 Mont. 208, 169 P.3d 697, and *State v. Moore*, 2012 MT 95, 365 Mont. 13, 277 P.3d 1212, Thompson contends that a court may not sentence a defendant to pay costs without analyzing whether the defendant is able to pay for such costs. Because the court did not conduct such an analysis with regard to the PSI conditions, Thompson contends that the written sentence is unlawful. The State argues that Thompson did not preserve the issue for appeal because he did not object to the court's failure to inquire into his ability to pay. Thompson responds that the State itself brought the matter to the court's attention by objecting to the imposition of fines related to the eight counts during sentencing.

6

According to Thompson, the State's objection allows this Court to review the issue because "[i]t does not matter which party objected to the imposition of fines."

¶14 Thompson asserts correctly that Montana statutes require a sentencing court to inquire into a defendant's ability to pay when sentencing a defendant to pay costs. *E.g.*, §§ 46-8-113(3), -18-232(2), MCA; *Starr*, ¶ 8; *Moore*, ¶ 11. We have established, however, that "a sentencing court's failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one." *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892 (citing *State v. Nelson*, 274 Mont. 11, 20, 906 P.2d 663, 668 (1995); *State v. Swoboda*, 276 Mont. 479, 482, 918 P.2d 296, 298 (1996)); *State v. MacDonald*, 2013 MT 105, ¶ 16, 370 Mont. 1, 299 P.3d 839; *accord State v. Phillips*, 2013 MT 317, ¶ 26, 372 Mont. 317, 312 P.3d 445 (concluding that a "District Court's alleged neglect of the statutory requirement to inquire into [a defendant's] ability to pay the costs of court-appointed counsel does not speak to the legality of the sentence and is only objectionable").

¶15 Thompson did not object when the District Court failed to inquire into his ability to pay the costs included in the PSI. His failure to object "constituted a waiver that prevents us from reviewing the issue on appeal." *Kotwicki*, ¶ 22; *accord MacDonald*, ¶ 18 ("[The defendant's] failure to object to any oversight by the court regarding her financial condition constituted a waiver of her claim on appeal."); *Phillips*, ¶ 26 ("Given [the defendant's] failure to object, we will not review whether the District Court correctly followed the procedure prescribed by § 46-8-113(3), MCA.").

¶16     Thompson's reliance on *Starr* and *Moore* is misplaced.  Although we remanded to the district court in *Moore* to determine whether the defendant could afford jury costs, the defendant had objected to the imposition of those costs during sentencing.  *Moore*, ¶¶ 7, 21. In *Starr*, the district court inquired into the defendant's ability to pay and made an explicit finding that the defendant had a "limited ability to pay."  *Starr*, ¶ 5.  The district court nevertheless ordered the defendant to pay over $2,000 for his court-appointed counsel. *Starr*, ¶ 6.  We reversed the district court because we concluded that the court's sentence requiring the defendant to pay costs went "against the weight of its evidentiary findings." *Starr*, ¶ 11.  As we made clear in *MacDonald*, "There is no mention in *Starr* of any failure by the defendant to object to the imposition of defense costs; thus, whether the claim was waived was not an issue on appeal."  *MacDonald*, ¶ 19.

¶17     Finally, we are unpersuaded by Thompson's argument that the prosecutor's comments about the fines preserved Thompson's right to appeal the District Court's imposition of costs and fees without considering Thompson's ability to pay.  First, the State did not "object" to the court imposing fines related to the eight counts; rather, the State "recommended some leniency and suspension of fines" due to Thompson's financial situation.  Further, we generally require an appellant to "show that an objection was made at trial on the same basis as the error asserted on appeal."  *State v. Nolan*, 2003 MT 13, ¶ 16, 314 Mont. 47, 62 P.3d 1118.  This is because "[r]equiring a defendant to raise the issue in the district court through a specific objection gives the prosecution and the trial court the ability to avoid or correct the purported error."  *Nolan*, ¶ 16.

8

¶18　Thompson had notice and an opportunity to respond—but did not—to the PSI conditions relating to fees, costs, and surcharges being included in his sentence.  He also did not object when the District Court failed to inquire into his ability to pay those costs.  We accordingly hold that the District Court's written judgment imposing fees, costs, and surcharges is not unlawful.

## CONCLUSION

¶19　We affirm the District Court's written judgment.


/S/ BETH BAKER


We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ MICHAEL E WHEAT
/S/ JIM RICE



Justice James Jeremiah Shea, concurring.

¶20　Although I have some misgivings about the District Court's imposition of costs without considering Thompson's ability to pay, I must agree that our precedent compels the conclusion that Thompson has not preserved this issue for appeal.  Therefore, I concur in the result.  I write separately to emphasize what I see as the cautionary tale of this case, as well as the remedy that remains available to Thompson despite our ruling.

9

¶21 The record clearly indicates Thompson's inability to pay the costs imposed—thus, the County Attorney's recommendation for leniency and suspension of fines because of Thompson's financial situation and the burden to Thompson's family. Opinion, ¶¶ 2, 16. We decline to consider this issue because Thompson failed to object "when the District Court failed to inquire into his ability to pay the costs included in the PSI." Opinion, ¶ 15. I agree that our existing precedent, particularly *McDonald*, compels this result. But this nevertheless begs the question: What was Thompson supposed to object to? Although the PSI specified the *items* of costs that remained to be determined, the *amounts* of these specific costs were unresolved. Opinion, ¶ 4. Had the District Court ultimately imposed minimal costs in the written judgment because of Thompson's inability to pay—as acknowledged by the State at the sentencing hearing—there would have been no basis for an objection. In light of the discussion at the sentencing hearing about Thompson's inability to pay the fines, and the County Attorney's recommendation for leniency in that regard, is it so far-fetched to conclude that Thompson reasonably expected the District Court's assessment of the costs that were left "to be determined" would also factor in his inability to pay, as required by statute? It seems that what we are really faulting Thompson for here is less a failure to object and more a lack of prescience.

¶22 By the same token, although Thompson's inability to pay was discussed at the sentencing hearing, I concur in our result because I cannot fault the District Court for failing to consider it when entering the written judgment nearly seven weeks later. Since the District Court remitted nearly ninety percent of Thompson's fines at sentencing, it seems evident that the District Court's failure to consider Thompson's inability to pay the costs

imposed in the written judgment was not reflective of the Court's disregard for Thompson's financial situation; it just was not on the District Court's radar by that time. As this Court correctly notes, "[r]equiring a defendant to raise the issue in the district court through a specific objection gives the prosecution and the trial court the ability to avoid or correct the purported error." Opinion, ¶ 17 (quoting *Nolan*, ¶ 16). This case thus illustrates the necessity of objecting at sentencing to undetermined costs—even when the defendant's inability to pay is evident from the record—both to flag the issue for the District Court's consideration when it enters the written judgment, as well as to preserve the issue for appeal.

¶23 Finally, notwithstanding our decision here, it bears noting that Thompson is not without a remedy. Section 46-18-232(3), MCA, provides:

> A defendant who has been sentenced to pay costs and who is not in default in the payment may *at any time* petition the court that sentenced the defendant for remission of the payment of costs or of any unpaid portion of the costs. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may remit all or part of the amount due in costs or modify the method of payment.

(Emphasis added.) Thompson could have petitioned the District Court for remission when the written judgment was issued. Assuming Thompson's financial situation remains unchanged from when he was sentenced, and he is not in default in his payments, he may yet petition the District Court for relief.

¶24 For the foregoing reasons, I concur in the result reached by the Court.

/S/ JAMES JEREMIAH SHEA

11

Chief Justice Mike McGrath, Justices Michael E Wheat and Dirk M. Sandefur join the concurrence.

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ MICHAEL E WHEAT