JUSTICE BAKER
delivered the Opinion of the Court.
¶1 Brandon Thompson appeals the District Court’s imposition of criminal defense fees and other costs in the written judgment against him on the grounds that they were not imposed in the oral pronouncement of the sentence or following a consideration of Thompson’s ability to pay. We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
¶2 Thompson was convicted by a Lewis and Clark County jury of felony driving under the influence, negligent endangerment, and six other driving offenses. At the sentencing hearing, the County Attorney “recommended some leniency and suspension of fines” because the fines would be a burden to Thompson’s family. In its oral pronouncement of sentence, the District Court reduced Thompson’s total fines related to the eight counts from $3,520 to $390.
¶3 After addressing each count, the District Court incorporated the sentencing conditions of Thompson’s presentence investigation report (PSI) into its oral pronouncement of sentence. The court stated:
Mr. Thompson, in the Presentence Investigation, they’ve got a lot of conditions that you are to meet when you are out. Your sentence, you can remain out on a five-year suspended sentence as long as you obey all of those conditions. I am hopeful you will, and this will allow you to get treatment and get this behind you and get ahead of things.
After ruling that Thompson’s DUI sentence would run consecutive to his misdemeanor sentences, the court asked if there was “[ajnything else from anybody.” Neither party responded, and the court concluded the hearing.
¶4 The PSI conditions that the court incorporated into its oral pronouncement included additional fees, costs, and surcharges. Of relevance here, the PSI provided:
f. Costs of assigned counsel, paid to clerk of court: (§ 46-8-113, MCA)
i. Offender shall pay costs incurred by the Office of Public Defender for providing counsel in the criminal trial[;] Costs incurred: $ TBD

h. The Defendant shall pay costs of legal fees and expenses defined in § 25-10-201, MCA, plus costs of jury service, prosecution, and pretrial, probation, or community supervision or *341 $100 per felony case or $50 per misdemeanor case, whichever is greater. (§ 46-18-232, MCA).
The PSI included also a financial profile of Thompson and his family that detailed their income, assets, and debts.
¶5 The District Court entered a written judgment that ordered Thompson to pay the additional fees, costs, and surcharges included in the PSI conditions. The written judgment specified $2,028.36 for costs of assigned counsel and $1,846.15 for costs of jury service and other expenses related to the case. Thompson appeals.
STANDARD OF REVIEW
¶6 We review a district court’s imposition of sentence for legality. State v. Johnson, 2000 MT 290, ¶ 13, 302 Mont. 265, 14 P.3d 480. Whether a sentence is legal is a question of law that we review de novo to determine whether the court’s interpretation of the law is correct. Johnson, ¶ 13.
DISCUSSION
¶7 1. Whether the District Court erred in imposing fees, costs, and surcharges in the written judgment that it did not articulate during the oral pronouncement of sentence.
¶8 A district court’s “oral pronouncement of a criminal sentence ... is the ‘legally effective sentence and valid, final judgment.’ ” Johnson, ¶ 15 (quoting State v. Lane, 1998 MT 76, ¶ 40, 288 Mont. 286, 957 P.2d 9). A “written judgment is merely evidence of the oral sentence.” Johnson, ¶ 15. Thus, “in the event of a conflict between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement controls.” Lane, ¶ 48. In determining whether portions of a written judgment conflict with the oral pronouncement of sentence, we “determine first, whether the defendant was afforded the opportunity to respond to its inclusion upon sufficient notice at sentencing, and second, whether that portion of the written judgment substantively increases one of two things: (1) the defendant’s loss of liberty; and (2) the defendant’s sacrifice of property.” Johnson, ¶ 24. What is “truly at issue” under this inquiry is “whether a written judgment had, without notice, substantively increased a defendant’s criminal sentence which had been previously imposed in open court.” State v. Kroll, 2004 MT 203, ¶ 20, 322 Mont. 294, 95 P.3d 717 (citing Johnson, ¶ 24).
¶9 Thompson argues that we “must strike all the fees, costs, and surcharges because they were not included in the controlling, oral *342 pronouncement and were included in the written judgment without notice” to him. Thompson claims that he was not aware that the District Court would be imposing PSI conditions that included additional costs, fees, and surcharges, and that the court did not expressly address these issues during its oral pronouncement of the sentence. Thompson therefore contends that he did not have an opportunity to object to their inclusion.
¶10 Thompson acknowledges that during sentencing the District Court “incorporated the conditions of [the PSI] into the oral pronouncement,” and that a number of the “conditions were additional fines, costs, and surcharges.” Although the written judgment contained specific amounts not discussed during the oral pronouncement, the PSI conditions made clear that Thompson would be responsible for costs of his defense “TBD” and for additional fees, costs, and surcharges. For that reason, we decline to hold that the written judgment conflicted with the court’s oral pronouncement of sentence. See Kroll, ¶ 23 (affirming certain sentencing conditions even though “the District Court did not recite these conditions verbatim at sentencing, or specifically incorporate them into [the defendant’s] sentence by reference to the PSI,” in part because we were not “inclined to elevate form over substance or otherwise impose hyper-technical rules at sentencing”).
¶11 In addition, given the court’s discussion of the conditions listed in the PSI, Thompson ought to have been “aware of his sentence” when he left the sentencing hearing. Lane, ¶ 38 (citation and internal quotes omitted). The PSI conditions specifically recommended that Thompson would be responsible for paying costs associated with assigned counsel at an amount to be determined, costs as defined in § 25-10-201, MCA, and expenses related to the case pursuant to § 46-18-232, MCA. During the sentencing hearing, Thompson’s counsel questioned the probation officer who prepared the PSI; counsel did not question the officer about any of the conditions relating to the fees, costs, and expenses for which amounts had not yet been determined. The District Court expressly incorporated the PSPs conditions on the record. The court then asked if there was “[a]nything else from anybody,” and neither party responded. Thompson had notice that the PSI conditions relating to costs would be included in his sentence and the opportunity to object to the court’s statement incorporating the PSI conditions. See State v. McLeod, 2002 MT 348, ¶ 21, 313 Mont. 358, 61 P.3d 126 (concluding that the defendant’s due process rights were not violated when the district court relied on incorrect information in the PSI because the defendant “and his counsel were given ample time to review and *343 discuss the PSI prior to the sentencing hearing,... and were given more than one opportunity at the hearing to object to any information contained in the PSI”).
¶12 2. Whether the District Court erred by imposing additional costs and fees without considering Thompson’s ability to pay.
¶13 Thompson asserts that the District Court erred when it failed to consider his financial resources and his ability to pay when it adopted the PSI conditions. Relying on the language of applicable statutes, and our holdings in State v. Starr, 2007 MT 238, 339 Mont. 208, 169 P.3d 697, and State v. Moore, 2012 MT 95, 365 Mont. 13, 277 P.3d 1212, Thompson contends that a court may not sentence a defendant to pay costs without analyzing whether the defendant is able to pay for such costs. Because the court did not conduct such an analysis with regard to the PSI conditions, Thompson contends that the written sentence is unlawful. The State argues that Thompson did not preserve the issue for appeal because he did not object to the court’s failure to inquire into his ability to pay. Thompson responds that the State itself brought the matter to the court’s attention by objecting to the imposition of fines related to the eight counts during sentencing. According to Thompson, the State’s objection allows this Court to review the issue because “[i]t does not matter which party objected to the imposition of fines.”
¶14 Thompson asserts correctly that Montana statutes require a sentencing court to inquire into a defendant’s ability to pay when sentencing a defendant to pay costs. E.g., §§ 46-8-113(3), -18-232(2), MCA; Starr, ¶ 8; Moore, ¶ 11. We have established, however, that “a sentencing court’s failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one.” State v. Kotwicki, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892 (citing State v. Nelson, 274 Mont. 11, 20, 906 P.2d 663, 668 (1995); State v. Swoboda, 276 Mont. 479, 482, 918 P.2d 296, 298 (1996)); State v. MacDonald, 2013 MT 105, ¶ 16, 370 Mont. 1, 299 P.3d 839; accord State v. Phillips, 2013 MT 317, ¶ 26, 372 Mont. 317, 312 P.3d 445 (concluding that a “District Court’s alleged neglect of the statutory requirement to inquire into [a defendant’s] ability to pay the costs of court-appointed counsel does not speak to the legality of the sentence and is only objectionable”).
¶15 Thompson did not object when the District Court failed to inquire into his ability to pay the costs included in the PSI. His failure to object “constituted a waiver that prevents us from reviewing the issue on appeal.” Kotwicki, ¶ 22; accord MacDonald, ¶ 18 (“[The defendant’s] failure to object to any oversight by the court regarding her financial *344 condition constituted a waiver other claim on appeal.”); Phillips, ¶ 26 (“Given [the defendant’s] failure to object, we will not review whether the District Court correctly followed the procedure prescribed by § 46-8-113(3), MCA.”).
¶16 Thompson’s reliance on Starr and Moore is misplaced. Although we remanded to the district court in Moore to determine whether the defendant could afford jury costs, the defendant had objected to the imposition of those costs during sentencing. Moore, ¶¶ 7, 21. In Starr, the district court inquired into the defendant’s ability to pay and made an explicit finding that the defendant had a “limited ability to pay.” Starr, ¶ 5. The district court nevertheless ordered the defendant to pay over $2,000 for his court-appointed counsel. Starr, ¶ 6. We reversed the district court because we concluded that the court’s sentence requiring the defendant to pay costs went “against the weight of its evidentiary findings.” Starr, ¶ 11. As we made clear in MacDonald, “There is no mention in Starr of any failure by the defendant to object to the imposition of defense costs; thus, whether the claim was waived was not an issue on appeal.” MacDonald, ¶ 19.
¶17 Finally, we are unpersuaded by Thompson’s argument that the prosecutor’s comments about the fines preserved Thompson’s right to appeal the District Court’s imposition of costs and fees without considering Thompson’s ability to pay. First, the State did not “object” to the court imposing fines related to the eight counts; rather, the State “recommended some leniency and suspension of fines” due to Thompson’s financial situation. Further, we generally require an appellant to “show that an objection was made at trial on the same basis as the error asserted on appeal.” State v. Nolan, 2003 MT 13, ¶ 16, 314 Mont. 47, 62 P.3d 1118. This is because “[Requiring a defendant to raise the issue in the district court through a specific objection gives the prosecution and the trial court the ability to avoid or correct the purported error.” Nolan, ¶ 16.
¶18 Thompson had notice and an opportunity to respond—but did not—to the PSI conditions relating to fees, costs, and surcharges being included in his sentence. He also did not object when the District Court failed to inquire into his ability to pay those costs. We accordingly hold that the District Court’s written judgment imposing fees, costs, and surcharges is not unlawful.
CONCLUSION
¶19 We affirm the District Court’s written judgment.
CHIEF JUSTICE McGRATH, JUSTICES SHEA, McKINNON, *345 SANDEFUR, WHEAT and RICE concur.