FILED

03/20/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0752

DA 16-0752

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 49

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

MICHAEL RAY HINSHAW,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 14-0805
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Kristina Neal, Assistant Appellate
Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General; Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Christopher A. Morris,
Deputy County Attorney; Billings, Montana

Submitted on Briefs:  February 21, 2018

Decided:  March 20, 2018

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Michael Hinshaw (Hinshaw) appeals from an October 20, 2016 judgment of the Thirteenth Judicial District Court, Yellowstone County, following his guilty plea to felony possession of dangerous drugs. We affirm.

¶2 We restate the issues on appeal as follows:

*1. Whether the District Court erred in failing to consider alternatives to imprisonment;*

*2. Whether the District Court erred by imposing public defender fees, prosecution and supervision costs, and conviction surcharges without considering Hinshaw's ability to pay;*

*3. Whether Hinshaw's counsel was ineffective when she failed to make objection concerning his ability to pay.*

### FACTUAL AND PROCEDURAL BACKGROUND

¶3 On September 28, 2014, a hotel employee contacted police to report a man making threats and refusing to leave. Officers identified Hinshaw based on the employee's description and later stopped him in his car. Pursuant to a search warrant, law enforcement searched Hinshaw's vehicle and found a syringe with methamphetamine residue. Hinshaw was charged with felony criminal possession of dangerous drugs and misdemeanor possession of drug paraphernalia. The State filed a notice of its intention to designate Hinshaw as a persistent felony offender (PFO). Hinshaw entered into a plea agreement whereby he agreed to plead guilty to the felony offense and the State agreed to dismiss the misdemeanor charge. Further, the State would argue for a five-year sentence to the Montana State Prison and Hinshaw was free to argue for a lesser sentence. On June 10,

2016, pursuant to the plea agreement, Hinshaw pled guilty to felony possession of dangerous drugs.

¶4 Prior to sentencing, Hinshaw filed a Notice of Intent to Assert Exception to Minimum Mandatory Sentence, Motion to Challenge Imposition of PFO and Brief in Support. Therein, Hinshaw argued the PFO statute was unconstitutional and requested the court apply § 46-18-222(2), MCA, to find an exception to the mandatory minimum sentence.

¶5 At sentencing, the District Court indicated it was unwilling to find the PFO statute unconstitutional. Following which, Hinshaw then requested the District Court find an exception to the mandatory minimum prescribed by the PFO statute pursuant to § 46-18-222(2), MCA. The District Court asked Hinshaw's counsel to explain why an exception should apply. Hinshaw's counsel elaborated as to Hinshaw's mental health issues including post-traumatic stress disorder, bipolar disorder, and obsessive-compulsive disorder. The District Court considered Hinshaw's mental health conditions, specifically noting the psychological report of Dr. Woolston, which did not find a connection between Hinshaw's mental health conditions and his possession of methamphetamine.

¶6 The District Court thoroughly examined Hinshaw's fairly extensive criminal history, his prior treatment and program opportunities, and the mitigating and aggravating circumstances, concluding it was appropriate to sentence Hinshaw as a PFO and prescribe the minimum sentence thereunder—5 years DOC with no time suspended, to run consecutive to his Cascade County matter. The District Court also imposed financial obligations on Hinshaw including public defender fees, supervision fees, PSI fees and

3

surcharges. Hinshaw's counsel did not object to the imposition of fees due to Hinshaw's inability to pay. Hinshaw timely appeals.

## STANDARD OF REVIEW

¶7 We review for legality a criminal sentence imposing over one year of incarceration. We review de novo whether the court adhered to the applicable sentencing statute. *State v. Moore*, 2012 MT 95, ¶ 10, 365 Mont. 13, 277 P.3d 1212. On appeal, we will not review a sentence for mere inequity or disparity. *State v. Erickson*, 2008 MT 50, ¶ 10, 341 Mont. 426, 177 P.3d 1043 (citations omitted). Rather, this Court will only review a criminal sentence for its legality; that is, whether the sentence is within statutory parameters. *Erickson*, ¶ 10. "Our review is confined to determining whether the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable sentencing statutes, and whether the court adhered to the affirmative mandates of the applicable sentencing statutes." *State v. Rosling*, 2008 MT 62, ¶ 59, 342 Mont. 1, 180 P.3d 1102.

¶8 Ineffective assistance of counsel claims are a mixed question of fact and law that are reviewed de novo. *State v. Weisweaver*, 2010 MT 198, ¶ 7, 357 Mont. 384, 239 P.3d 952.

## DISCUSSION

¶9 *1. Whether the District Court erred in failing to consider alternatives to imprisonment.*

¶10 Hinshaw asserts the District Court erroneously failed to consider alternatives to imprisonment pursuant to § 45-9-202, MCA. Hinshaw argues the District Court

4

misunderstood it was not required to sentence him as a PFO, but could instead sentence Hinshaw to an alternative placement.

¶11    The State asserts Hinshaw does not contest he is a PFO or that the sentence imposed was illegal.  The State argues Hinshaw waived his right to argue about alternative sentencing under § 45-9-202, MCA, as he did not raise this issue at the district court level. Further, the State asserts that "nothing in the court's reasoning supported application of § 45-9-202(2), MCA, to Hinshaw," and failing to specifically reference § 45-9-202, MCA, at sentencing was not error.

¶12    While it is clear the District Court was troubled by the mandatory minimums and the PFO mandatory minimums in general, review of the record indicates the court thoroughly and thoughtfully considered Montana's correctional and sentencing policy set forth in § 46-18-101, MCA, including subsection (3)(f) requiring "alternatives to imprisonment for the punishment of those nonviolent felony offenders who do not have serious criminal records."  The District Court specifically noted it was important to consider "whether your particular case fits into [the mandatory minimum sentence]."  The District Court then went on to outline:  (1) Hinshaw was considered a violent offender based on his history of operating a clandestine laboratory, (2) his potential for rehabilitation with a history of multiple opportunities with treatment programs, pre-release, and probation, and his failure to use the tools he had been provided in those programs to avoid further offenses, (3) that punishment be commensurate with the harm caused and with other similarly situated offenders, (4) the need to protect the public and reduce crime, (5) mitigating circumstances including Hinshaw's history of trauma, mental health

5

conditions, and an apparent desire to change, (6) aggravating circumstances including Hinshaw's extensive criminal history, and (7) restorative justice considerations. After this exhaustive consideration, the District Court found it appropriate to sentence Hinshaw "as a persistent felony offender to the Department of Corrections for a period of five years . . . consecutive to any prior sentences that you are presently serving."

¶13 While the District Court did not specifically mention sentencing alternatives pursuant to § 45-9-202, MCA, the District Court clearly considered alternative sentencing authority and concluded, based on the particulars of Hinshaw's case, alternative sentencing was not appropriate and he should instead be sentenced as a PFO. The District Court's sentence was legal and appropriate under the facts of the case. We affirm the sentence imposed by the District Court.

¶14 *2. Whether the District Court erred by imposing public defender fees, prosecution and supervision costs, and conviction surcharges without considering Hinshaw's ability to pay.*

¶15 The District Court recommended in condition 13 the following fees and costs be imposed on Hinshaw: supervision fees determined by his probation officer; a $20 surcharge; a court information technology fee of $10; a PSI fee of $50; and $800 for cost of assigned counsel. Hinshaw asserts the District Court erred by failing to inquire and make specific findings as required by § 46-8-113, MCA, and § 46-18-232(2), MCA, on Hinshaw's financial ability to pay before imposing fees and costs. The State asserts this issue was not properly preserved for appeal and Hinshaw waived this argument for appeal.

¶16 Montana statutes require a sentencing court to inquire into a defendant's ability to pay fees and costs. *See* § 46-8-113, MCA; § 46-18-232(2), MCA. However, we generally

6

refuse to review on appeal an issue to which the party failed to object at the trial court. *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892 (citing *State v. Lenihan*, 184 Mont. 338, 341, 602 P.2d 997, 999 (1979)). Thus, when a defendant fails to object when the District Court failed to inquire into his ability to pay the costs included in the [Presentencing-Investigative report], his failure to object "constitute[s] a waiver that prevents us from reviewing the issue on appeal." *State v Thompson*, 2017 MT 107, ¶ 15, 387 Mont. 339, 394 P.3d 197 (quoting *Kotwicki*, ¶ 22).

¶17　There is an exception to the general rule that allows appellate review even if the defendant failed to raise an objection if the criminal sentence is illegal or in excess of statutory mandates. *Kotwicki*, ¶ 8. A sentence is not illegal if it falls within statutory parameters. *State v. Garrymore*, 2006 MT 245, ¶ 9, 334 Mont. 1, 145 P.3d 946. Accordingly, "a sentencing court's failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one." *Thompson*, ¶ 14 (citing *Kotwicki*, ¶ 13).

¶18　At sentencing, Hinshaw's counsel did not object to any of the fees and costs imposed based on Hinshaw's inability to pay. Hinshaw had the opportunity to object when the District Court did not inquire into his financial ability to pay the fees and costs. Consequently, Hinshaw's failure to object constitutes a waiver preventing us from review. Hinshaw did request the District Court to consider reducing cost of assigned counsel based on the argument that the work performed was minimal, not requiring suppression hearings or other matters; however, this is insufficient to preserve an objection based on Hinshaw's inability to pay. *Thompson*, ¶ 17 (recommendations from counsel as to leniency and

7

suspension of fines did not constitute an objection to preserve the issue for appellate review). Moreover, Hinshaw's sentence does not fall outside the statutory parameters as to warrant our review under the exception. Accordingly, we decline on appeal to consider the District Court's imposition of fees and costs on Hinshaw.

¶19    3. *Whether Hinshaw's counsel was ineffective when she failed to make objection concerning his ability to pay.*

¶20    Hinshaw asserts his trial counsel was ineffective for failing to object to the imposition of fees and costs as "there could be no reasonable justification for counsel not to make a proper objection, for all costs, based on Mr. Hinshaw's inability to pay." The State asserts it is inappropriate to address this issue on direct appeal as the record is silent as to why trial counsel did not object. The State argues the "ineffective assistance of counsel claim is more suitable for a petition for postconviction relief."

¶21    If the claims are based solely on the record, we will review ineffective assistance of counsel claims on direct appeal. When the record sufficiently answers "why" counsel did or did not take a certain course of action, the ineffective assistance of counsel claim must be brought on direct appeal. *State v. Kime*, 2013 MT 14, ¶ 31, 368 Mont. 261, 295 P.3d 580; § 46-21-105(2), MCA. "Ineffective assistance of counsel claims are appropriate for review in a petition for postconviction relief when it is not apparent on the face of the record why counsel took a particular course of action." *Rose v. State*, 2013 MT 161, ¶ 18, 370 Mont. 398, 304 P.3d 387 (citing *State v. Baker*, 2013 MT 113, ¶ 42, 370 Mont. 43, 300 P.3d 696). Claims involving alleged omissions of trial counsel are often ill-suited for

8

consideration on direct appeal. *State v. Briscoe*, 2012 MT 152, ¶ 10, 365 Mont. 383, 282 P.3d 657.

¶22 In this case, we agree with the State. The record is silent as to why Hinshaw's trial counsel did not object to the imposition of fees and costs based on Hinshaw's financial inability to pay. The record further does not establish what trial counsel knew about Hinshaw's financial condition. Without knowing what trial counsel knew or why she failed to object, we cannot determine whether her conduct was ineffective or not. Because the record is insufficient to determine whether counsel was ineffective, we decline to review Hinshaw's ineffective assistance of counsel claims on direct appeal.

## CONCLUSION

¶23 For the foregoing reasons, we affirm the District Court's sentence and imposition of fees and costs. We further decline to review Hinshaw's claims of ineffective assistance of counsel as they are more appropriate for presentation through a petition for postconviction relief.

¶24 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE